## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, ROBERT B. FORD, ROBERT E. FUNCK, JR., JOSEPH MANNING, and CHRISTOPHER J. CALAMARI,<br><br>Defendants. | Case No. 1:22-cv-04661<br><br>District Judge Steven C. Seeger |

## LEAD PLAINTIFFS' RESPONSE TO
## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Lead Plaintiffs respectfully submit this response to Defendants' Notice of Supplemental Authority (ECF No. 47), which attached the United States Supreme Court's decision in *Macquarie Infrastructure Corp. v. Moab Partners,* No. 22-1165, 2024 WL 1588706 (S.Ct. Apr. 12, 2024).

In *Macquarie*, the Supreme Court narrowly held that "pure omissions" of material information required to be disclosed by Item 303 "are not actionable under Rule 10b-5(b)," but made clear that the omission of information required by Item 303 will support a Rule 10b-5(b) claim "if the omission renders affirmative statements made misleading." 2024 WL 1588706, at *2. The Court also declined to opine on the relationship between "pure omissions" and scheme liability, stating, "[t]he Court does not opine on . . . whether Rules 10b-5(a) and 10b-5(c) support liability for pure omissions." *Id.* at *5 n.2. Because Plaintiffs here allege that Defendants' omission of information required to be disclosed by Item 303 rendered certain of their affirmative statements false or misleading "half-truths," and that those omissions were part of a scheme to

disseminate misleading information to the public, *Macquarie* does not support dismissal of any part of Plaintiffs' Exchange Act claims.

*First*, Plaintiffs adequately allege that Defendants violated Item 303 by failing to disclose material uncertainties and trends associated with Abbott's systemic quality control deficiencies in the production and manufacturing of its powdered infant formula that were likely to result in lawsuits and regulatory actions (and have a negative impact on the Company's financials or operations). *See* Amended Class Action Complaint (ECF No. 35) (the "Complaint") ¶¶377-81; *see also* ECF No. 43 at 26-27.

*Second*, Plaintiffs' Rule10b-5(b) claim is not impacted by *Macquarie* because Defendants' Item 303 omissions "render[ed] affirmative statements made [by Defendants] misleading." *See Macquarie*, 2024 WL 1588706, at *2. Specifically, in the Forms 10-K and 10-Q described in the Complaint, Abbott made affirmative false and misleading statements and "half-truths" including, (a) a statement that "Abbott's facilities are deemed suitable and provide adequate productive capacity" (¶¶332-33, 362-63); (b) an acknowledgement of compliance risks associated with the extensive regulations to which the Company was subject while not disclosing then-known material risks that had already transpired (¶¶334-35, 364-65); and (c) certifications by Defendants Ford and Funck attesting to the fact that the Forms 10-K and 10-Q at issue contained no material false statements or half-truths and that the Company had adequate disclosure controls over its reporting (¶¶336-38, 366-68).[1]

---

[1] Defendants Ford and Funck also signed sworn certifications "[p]ursuant to 18 U.S.C. Section 1350, as adopted pursuant to Section 906 of the Sarbanes-Oxley Act of 2002." *See* ECF No. 42-2 at 93; ECF No. 42-25 at 99. Each annual report's express certification warrants that it "presents" "all material" information related to a company's financial condition, which includes information required to be disclosed by Item 303. 18 U.S.C. § 1350(b).

Defendants' failure to disclose that the Sturgis facility had been cited for serious, repeat, and worsening violations that were "reasonably likely" to negatively impact the Company and its financials are actionable under Rule 10b-5(b) because that nondisclosure rendered the statements described above false and misleading. Once Defendants chose to speak about Abbott's (i) suitable manufacturing and production facilities, (ii) unmanifested risks of regulatory violations, and (iii) attestations of truthful statements and compliance with Item 303, they were obligated to speak truthfully or risk converting their silence into an actionable half-truth. *See Macquarie*, 2024 WL 1588706, at *4 ("[T]he difference between a pure omission and a half-truth is the difference between a child not telling his parents he ate a whole cake and telling them he had dessert.").

***Finally***, Plaintiffs allege that Defendants engaged in a scheme to mislead investors as to Abbott's compliance with FDA regulations ensuring the safety of powdered infant formula, in violation of Rules 10b-5(a) and (c). *See* Complaint, ¶¶470-79; ECF No. 43 at 28-29. Defendants' decision to omit information required to be disclosed by Item 303 was an act in furtherance of that scheme. The scope of Rules 10b-5(a) and (c) is "expansive" and its "provisions capture a wide range of conduct" that can (but does not need to) include false and misleading misrepresentations. *Lorenzo v. Sec. & Exch. Comm'n*, 139 S. Ct. 1094, 1101-02 (2019).

Dated: April 19, 2024                                    Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**                **MOTLEY RICE LLC**
**& GROSSMANN LLP**

*/s/ Salvatore J. Graziano*                              */s/ Gregg S. Levin*
Avi Josefson                                            Gregg S. Levin
875 North Michigan Avenue, Suite 3100                   Lance V. Oliver
Chicago, Illinois 60601                                 Christopher F. Moriarty
Telephone: (312) 373-3880                               Erin C. Williams
Facsimile: (312) 794-7801                               28 Bridgeside Blvd.
avi@blbglaw.com                                         Mt. Pleasant, SC 29464
                                                        Telephone: (843) 216-9000
-and-                                                   Facsimile: (843) 216-9450

Salvatore J. Graziano (admitted *pro hac vice*)
Lauren A. Ormsbee (admitted *pro hac vice*)
Veronica V. Montenegro (admitted *pro hac vice*)
Timothy Fleming (admitted *pro hac vice*)
Emily A. Tu (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
lauren@blbglaw.com
veronica.montenegro@blbglaw.com
timothy.fleming@blbglaw.com
emily.tu@blbglaw.com

*Counsel for Co-Lead Plaintiff Quoniam Asset Management GmbH and Co-Lead Counsel for the Class*

glevin@motleyrice.com
loliver@motleyrice.com
cmoriarty@motleyrice.com
ecwilliams@motleyrice.com

**MOTLEY RICE LLC**
Serena P. Hallowell
777 Third Ave., 27th Floor
New York, NY 10017
Telephone: (212) 577-0040
Facsimile: (212) 577-0054
shallowell@motleyrice.com

*Counsel for Co-Lead Plaintiff KBC Asset Management NV and Co-Lead Counsel for the Class*

4