**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Other Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:22-cv-4661 |
| | ) ) | Hon. Steven C. Seeger |
| ABBOTT LABORATORIES, et al., | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSE TO LEAD PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Last week, in a shareholder derivative action based on different legal theories than the instant lawsuit, the district court dismissed five of the seven claims brought by two shareholders against Abbott directors, officers, and employees. *See In re Abbott Laboratories Infant Formula Shareholder Derivative Litigation*, No. 1:22-cv-05513, Dkt. #142 (N.D. Ill. Aug. 7, 2024) (the "Derivative Action"). Plaintiffs draw the wrong conclusions from this decision.

*First*, Defendants' arguments for dismissing the § 10(b) claim here are different from the argument the district court addressed in the Derivative Action. In the Derivative Action, the § 10(b) claim concerns the Abbott Board's approval of stock repurchases by Abbott, and the motion to dismiss argued that the director-defendants alleged to have made the supposedly fraudulent statements were the same people who approved the stock repurchases and that people cannot be deceived by their own alleged fraud. The district court disagreed, opining that it "extends the legal fiction of the corporation too far." (Order at 14) By contrast, here Defendants' arguments are different entirely—that Plaintiffs have not pleaded with particularity any actionable misstatements or facts giving rise to

1

a strong inference of scienter. Moreover, the Board's actions are not relevant to this case—none of the defendants here are on the board other than CEO Robert Ford, and his conduct as a director is not at issue.

*Second*, the decision in the Derivative Action has nothing to do with the scienter of any defendant in this action. The district court's statement that "[m]anagement saw red, or at least yellow, flags" was made in the context of the derivative plaintiffs' director-oversight claim under *Caremark*, which concerned the reporting systems implemented by the Board. Whether the Board fulfilled its oversight duties is a different question from whether Plaintiffs here have pled that Defendants acted with deceptive intent.

*Third*, Plaintiffs ask this Court to rely on allegations made in the Derivative Action that are *not* made in their own complaint. Such "supplementation" cannot save a complaint that alleges fraud, "because a charge of fraud must be pleaded with particularity." *Kennedy v. Venrock Assocs.*, 348 F.3d 584, 593 (7th Cir. 2003).

Dated:  August 15, 2024

Respectfully submitted,

/s/ *Joshua Z. Rabinovitz*

Mark Filip
Joshua Z. Rabinovitz
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
Mark.Filip@kirkland.com
Joshua.Rabinovitz@kirkland.com

James P. Gillespie (*pro hac vice*)
Joseph C. Schroeder
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue NW
Washington D.C. 20004
(202) 389-5000
jgillespie@kirkland.com
Joseph.Schroeder@kirkland.com

Brad Masters (*pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple
Salt Lake City, UT 84111
(801) 877-8100
Brad.Masters@kirkland.com

*Counsel for Defendants*

3