UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, ROBERT B. FORD, ROBERT E. FUNCK, JR., JOSEPH MANNING, and CHRISTOPHER J. CALAMARI,<br><br>Defendants. | Case No. 1:22-cv-04661<br><br>District Judge Steven C. Seeger |

**LEAD PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs respectfully submit the recent decision in *Oklahoma Firefighters Pension & Retirement System v. Musk*, 2025 WL 951231 (S.D.N.Y. Mar. 28, 2025) (Carter, J.), attached hereto as Exhibit A, as additional support for their opposition to Defendants' Motion to Dismiss.[1] *See* ECF No. 43. Among other things, the *Musk* ruling sustained Rule 10(b)-5(a) and (c) "scheme" claims similar to claims asserted by Lead Plaintiffs here, and in so doing rejected similar arguments for dismissal of those claims as raised by Defendants here.

As brief background, on April 15, 2024 (ECF No. 47), Defendants submitted to this Court a purported Notice of Supplemental Authority concerning the Supreme Court's ruling in *Macquarie Infrastructure Corp. v. Moab Partners*, 601 U.S. 257 (2024),[2] which held only that "pure omissions" of disclosures required by Item 303 of Regulation S-K "are not actionable under Rule 10b-5(b)." *Id.* at 260. As Lead Plaintiffs explained in their response, the *Macquarie* court did

---

[1] All capitalized terms have the meanings provided in the Complaint (ECF No. 35) unless otherwise noted.

2 Defendants submitted the original version without reporter pagination. For the Court's convenience, this notice uses the United States Reports pagination.

*not* foreclose altogether Rule 10b-5(b) claims based on an omission of information required by Item 303 "if the omission renders affirmative statements made misleading" and *also* expressly declined to "opine on . . . whether Rules 10-b5(a) and 10b-5(c) support liability for pure omissions." ECF No. 48 at 1-2 (citing *Macquarie*, 601 U.S. at 266 n.2).

Consistent with these principles (and with Lead Plaintiffs' arguments to this Court on the same), Judge Carter ruled in *Musk* that violations of regulatory reporting requirements may sufficiently establish the requisite deceptive conduct for scheme liability. Specifically, Judge Carter credited as a "deceptive act in furtherance of a scheme to defraud" the allegations that the defendants had "carr[ied] out a coordinated trading strategy to silently build up Musk's position in Twitter" while also hiding Musk's ownership of Twitter shares through violating SEC reporting requirements. *Musk,* 2025 WL 951231 at *13-14. Thus, considering the allegations holistically, the *Musk* court found that the "intentional failure to disclose . . . when disclosure was expressly required . . . *viewed in conjunction with the alleged scheme [and] . . . the facts surrounding the [] strategy*" was sufficient to "evince a deceptive act in furtherance of a scheme to defraud." *Id*. at *14.

Likewise, Lead Plaintiffs' scheme liability claims turn in part on underlying predicate deceptive conduct related to Defendants' violations of regulatory disclosure requirements. These violations include (among other things) such deceptive acts as (i) deceiving FDA investigators during the 2019 audit by failing to disclose its refusal to destroy potentially contaminated infant formula, (ii) knowingly and intentionally falsifying testing, cleaning, and maintenance records in violation of CGMPs and other regulations, (iii) concealing and destroying evidence at the Sturgis facility prior to the commencement of the FDA's 2022 inspection, and (iv) omitting information required to be disclosed by SEC Regulation S-K, including Abbott's systemic quality control deficiencies in the production and manufacturing of its powdered infant formula. *See, e.g.,*

2

Complaint (ECF No. 35) at ¶474. As in *Musk*, these "intentional failure[s] to disclose . . . when disclosure was expressly required" sent a "false pricing signal to the market" (*Musk,* 2025 WL 951231 at *14) and, viewed in conjunction with the alleged scheme to mislead investors as to Abbott's compliance with FDA regulations ensuring the safety of PIF, suffice to plead deceptive conduct under Rules 10b-5(a) and (c).

    For the reasons set forth fully in Lead Plaintiffs' opposition brief and further affirmed by the *Musk* decision as described above, Defendants' motion to dismiss should be denied.

| | |
|---|---|
| Dated: April 4, 2025 | Respectfully submitted, |
| | */s/ Salvatore J. Graziano* |
| | Salvatore J. Graziano |

cc:    All Counsel of Record (via ECF)