**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ABBOTT LABORATORIES, et al., <br><br> Defendants. | Case No. 1:22-cv-4661 <br><br> Hon. Steven C. Seeger |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

The Southern District of New York's recent decision in *Oklahoma Firefighters Pension & Retirement System v. Musk*, 2025 WL 951231 (S.D.N.Y. Mar. 28, 2025), does nothing to undermine Defendants' arguments for dismissing Plaintiffs' claims under Rule 10b-5(a) and (c)—sometimes called "conduct-based" or "scheme" liability. In fact, *Musk* only highlights Plaintiffs' failure to plead with particularity the conduct needed to support this type of claim.

*First*, the claims in *Musk* are categorically distinct from the Plaintiffs' 10b-5 claims. *Musk* involved alleged misstatements about Elon Musk's and related parties' conduct in the securities markets, whereas the statements at issue here concern Abbott's ordinary business operations. The Supreme Court has repeatedly warned against extending conduct-based liability to actions that lie "beyond the securities markets[, *i.e.*] the realm of financing business" that are instead in "the realm of ordinary business operations." *Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 161 (2008); *see also Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 479-80 (1977) (cautioning against "judicial extension of § 10(b) and Rule 10b-5 to 'cover the corporate universe.'"). In *Musk*, plaintiffs alleged that Elon

1

Musk and related parties "secretly acquire[d] a massive active ownership interest in Twitter" while skirting their SEC disclosure obligations. May 28, 2024 1st Am. Compl., *Musk*, 2024 WL 3346606, ¶ 82; *see also* 2025 WL 951231, at *13. Plaintiffs here, by contrast, do not support their claims of conduct-based liability with any conduct *in the securities markets*. Instead, Plaintiffs rely on alleged actions such as "[r]efusing to destroy potentially contaminated infant formula," "[f]ailing to repair and upkeep machinery essential for the safe manufacture of infant formula," and "[f]ailing to address prevaisive water leaks." Apr. 21, 2023 Am. Class Action Compl., ECF 35, ¶ 474. As *Stoneridge* makes clear, these actions concerning Abbott's "ordinary business operations" are not the stuff of conduct-based liability.

Second, and relatedly, while *Musk* concerned allegations that Musk and his co-defendants "silently buil[t] up Musk's position in Twitter" and made "false statements of legal blessing as to their trading strategy," 2025 WL 951231, at *13, Plaintiffs' Complaint does not allege that any of the *Defendants* actually engaged in the supposedly fraudulent conduct alleged in the Complaint. Plaintiffs base their 10b-5(a) and (c) claims on specific actions *at the Sturgis plant*—a plant at which none of the individual Defendants worked. And even if Plaintiffs had alleged that Abbott is the Defendant who took the alleged actions (which they do not), they would still need to say *who* at Abbott was responsible. They fail to do so. This failure is decisive because Plaintiffs cannot meet the pleading requirements for conduct-based liability "[w]ithout an explanation as to who played what role in the alleged scheme." *Desai v. Gen. Growth Props.*, 654 F. Supp. 2d 836, 862 (N.D. Ill. 2009). Plaintiffs' claims under Rule 10b-5(a) and (c) therefore can be dismissed on this basis as well.

Dated: April 29, 2025

Respectfully Submitted,

*/s/ James P. Gillespie*

Mark Filip
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000
mark.filip@kirkland.com

James P. Gillespie (*pro hac vice*)
Joseph C. Schroeder
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
jgillespie@kirkland.com
joseph.schroeder@kirkland.com

Brad Masters (*pro hac vice*)
KIRKLAND & ELLIS LLP
60 East South Temple
Salt Lake City, UT 84111
(801) 877-8100
brad.masters@kirkland.com

*Counsel for Defendants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2025, a copy of the foregoing document was filed electronically.

Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system and/or by e-mail.

/s/ *James P. Gillespie*
James P. Gillespie