**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 1:22-cv-4661

Hon. Steven C. Seeger

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants submit the investigation termination letter from the United States Securities and Exchange Commission dated May 12, 2025, (the "Termination Letter"), attached to the Declaration of Nicole M. Cleminshaw filed herewith, as additional support for their motion to dismiss. In the Termination Letter, the SEC Division of Enforcement stated that it had concluded its investigation into Abbott Laboratories and did not intend to recommend any enforcement action.

Plaintiffs theorize that the SEC investigation supposedly lends credibility to their allegations. *See, e.g.*, Am. Compl., ECF 35 at ¶¶ 429-30 ("[I]n its 2022 Form 10-K, Abbott announced that: (1) in December 2022 it received a subpoena from the Enforcement Division of the Securities Exchange Commission requesting information relating to Abbott's powder infant formula business and related public disclosures, ... The governmental scrutiny of the improper practices in question further contributes to a strong inference of Defendants' scienter."); Lead Plaintiffs' Memorandum of Law in

1

Opposition to Defendants' Motion to Dismiss, ECF 43 at 35 (arguing that the open criminal and civil investigations support an inference of scienter).

The Termination Letter "negat[es] the adverse inferences [Plaintiffs' have] sought to draw from the existence of [the] investigation[]." *City of Austin Police Retirement System v. ITT Educational Services Inc.*, 388 F. Supp. 2d 932, 942 (S.D. Ind. Sept. 14, 2005). In *City of Austin*, Defendants supplemented their motion to dismiss with an SEC investigation termination letter "[b]ased on plaintiff's own use of the federal criminal and SEC investigations" to establish a "presumption of wrongdoing." *Id.* The Court treated the SEC's decision not as an "exoneration" but as "effectively negating the adverse inferences plaintiff [] sought to draw from the existence of those investigations." *Id.* Similarly here, Defendants submit the Termination Letter "to inform the court of the rest of the story." *Id.*

Dated: July 8, 2025

Respectfully submitted,

/s/ *Mark Filip*

Mark Filip
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
312-862-2000
Mark.Filip@kirkland.com

James P. Gillespie (pro hac vice)
Joseph C. Schroeder
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 389-5000
James.Gillespie@kirkland.com

Brad Masters (pro hac vice)
KIRKLAND & ELLIS LLP
95 S State Street
Salt Lake City, UT 84111
(801) 877-8100
Brad.Masters@kirkland.com

*Counsel for Defendants*