**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:22-cv-04661 |
| Plaintiff, | District Judge Steven C. Seeger |
| v. | |
| ABBOTT LABORATORIES, ROBERT B. FORD, ROBERT E. FUNCK, JR., JOSEPH MANNING, and CHRISTOPHER J. CALAMARI, | |
| Defendants. | |

**LEAD PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Lead Plaintiffs respectfully submit this response to Defendants' Notice of Supplemental Authority (ECF No. 63), which submits a letter from the United States Securities and Exchange Commission ("SEC") concerning an agency enforcement decision that explicitly warns that it is not an exoneration. Defendants argue nonetheless that the enforcement decision somehow bears on Defendants' pending motion to dismiss. They are wrong.[1]

Under the governing statute, case law, and the release cited in the SEC's letter, the "attempted use" of an SEC prosecution decision "as a purported defense" is "clearly inappropriate and improper," including because it could be based on reasons that are "clearly irrelevant to the merits." *See* Securities Act Release No. 5310 at 3, *available at* https://www.sec.gov/divisions/enforce/wells-release.pdf (last visited July 9, 2025); *see also* 15

---

[1] All references to "¶__" are to Plaintiffs' Amended Class Action Complaint, filed April 21, 2023 (ECF No. 35). All capitalized terms are defined in the Complaint Glossary of Key Terms, unless otherwise noted.

U.S.C. §78z (no inference from SEC inaction). The SEC's letter itself repeats the release's language that "the notice 'must *in no way be construed as indicating that the party has been exonerated*.'" Def. Ex. A (ECF No. 63-2) (quoting Securities Act Release No. 5310). In line with that admonition, Courts across the country routinely find that a non-prosecution decision by the SEC is irrelevant to a determination on the merits. *See, e.g.*, *In re Verifone Holdings., Inc. Sec. Litig.*, 704 F.3d. 694, 707 n.5 (9th Cir. 2012) ("We draw no inference from the SEC's decision not to plead scienter or charge defendants with fraud."); *In re Am. Apparel, Inc. S'holder Litig.*, 2013 WL 174119, at *13 (C.D. Cal. Jan. 16, 2013) ("The SEC is not the plaintiff in this action, and its [non-prosecution] decision is not dispositive of the issues raised by defendants' motions."); *In re Cirrus Logic, Inc.*, 2008 WL 4065925, at *5 (W.D. Tex. Aug. 28, 2008) ("the SEC's decision to take no enforcement action is not a determination on the merits … in any sense"); *In re Bos. Sci. Corp. Sec. Litig.*, 646 F. Supp. 3d 249, 273 n.28 (D. Mass. 2022) (quoting release language in letter and determining "[t]hat the SEC decided not to take an enforcement action is not material to my disposition on the motion to dismiss").[2]

Here, Plaintiffs' scienter allegations focus on details reflecting Defendants' knowledge and recklessness, while the pendency of the SEC investigation is, at most, ancillary. The SEC's letter does not alter the impact of the Complaint's other scienter allegations. ¶¶390-446. Plaintiffs allege a strong inference of scienter based on detailed contemporaneous facts that contradicted

---

[2] *City of Austin Pol. Ret. Sys. v. ITT Educ. Servs., Inc.* is inapposite and further undermines Defendants' arguments. 388 F. Supp. 2d 932, 941 (S.D. Ind. 2005) ("[T]he termination of an SEC investigation could have been based on any number of factors not related to the merits of this civil action."). Unlike Plaintiffs' numerous scienter allegations here, the existence of a SEC investigation and the execution of search warrants in a related criminal investigation played a "critical role" in supporting the plaintiff's allegations that defendants falsified data to defraud the government and investors. *Id.* at 941. Relying on the terminations of the SEC and criminal investigation and plaintiff's "misuse" of those investigations, the court determined that the adverse inferences plaintiff "sought to draw from the existence of those investigations" were negated. *Id.* at 941-42.

Defendants' statements concerning Abbott's recall of its powdered infant formula, Abbott's food safety and manufacturing practices, and the safety of Abbott's manufacturing facilities and are more than sufficient under controlling Circuit law. For example, scienter is supported by the facts, among others, that (i) the February 2021 Whistleblower Complaint put Defendants on notice of multiple regulatory violations at the Sturgis plant, including the release of untested infant formula and the concealing of information from FDA inspectors concerning the release of possibly contaminated formula (*e.g.*, ¶¶99-108, 392-404); (ii) Abbott and the Individual Defendants received Forms 483 and EIRs documenting the serious and pervasive food safety violations at the Sturgis facility (*e.g.*, ¶¶69-70, 162-76, 206-18, 405-10); (iii) the DOJ Consent Decree found that Abbott was "unwilling or unable to implement sustainable corrective actions to ensure the safety and quality of food manufactured for infants" (*e.g.*, ¶¶16, 248-53, 414-21); and (iv) Defendant Randall visited the Sturgis site several times a year and saw first-hand Sturgis's food safety violations (*e.g.*, ¶¶139, 411-12). Considering the allegations holistically, the Complaint more than sufficiently pleads a strong inference of scienter. *See Makor Issues & Rts., Ltd. v. Tellabs Inc.*, 513 F.3d 702, 704 (7th Cir. 2008) ("When the facts known to a person place him on notice of a risk, he cannot ignore the facts and plead ignorance of the risk."); *Desai v. Gen. Growth Props., Inc.*, 654 F. Supp. 2d 836, 860 (N.D. Ill. 2009) ("[A] strong inference of scienter may . . . be credited where 'it is almost inconceivable' that an individual defendant would be unaware of the matters at issue.").

Dated: July 9, 2025

| | Respectfully submitted, |
| --- | --- |
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP** | **MOTLEY RICE LLC** |
| */s/ Salvatore J. Graziano* | */s/ Gregg S. Levin* |
| Avi Josefson | Gregg S. Levin |
| 875 North Michigan Avenue, Suite 3100 | Lance V. Oliver |
| Chicago, Illinois 60601 | Christopher F. Moriarty |

Telephone: (312) 373-3880
Facsimile: (312) 794-7801
avi@blbglaw.com

-and-

Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (*pro hac vice* pending)
Timothy Fleming (admitted *pro hac vice*)
Emily A. Tu (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
salvatore@blbglaw.com
jim.harrod@blbglaw.com
timothy.fleming@blbglaw.com
emily.tu@blbglaw.com

*Counsel for Co-Lead Plaintiff Quoniam Asset Management GmbH and Co-Lead Counsel for the Class*

Erin C. Williams
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
glevin@motleyrice.com
loliver@motleyrice.com
cmoriarty@motleyrice.com
ecwilliams@motleyrice.com

**MOTLEY RICE LLC**
Serena P. Hallowell
800 Third Ave., 27th Floor
New York, NY 10022
Telephone: (212) 577-0040
Facsimile: (212) 577-0054
shallowell@motleyrice.com

*Counsel for Co-Lead Plaintiff KBC Asset Management NV and Co-Lead Counsel for the Class*

4