# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No. 1:22-cv-4661<br><br>Hon. Steven C. Seeger |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement, dated as of August 21, 2026 (the "Stipulation") is entered into between (a) Lead Plaintiffs Quoniam Asset Management GmbH and KBC Asset Management NV (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class; and (b) Defendant Abbott Laboratories ("Abbott" or the "Company") and defendants Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall (together, the "Individual Defendants," and collectively with Abbott, "Defendants") and embodies the terms and conditions of the settlement of the above-captioned action (the "Action"). Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims as against Defendants' Releasees.[1]

[1] Capitalized terms not defined in this preamble or the recitals are defined in Paragraph 1 below.

WHEREAS:

A. On February 17, 2022, Abbott issued a voluntary recall of certain powdered infant formula products and temporarily shut down production at its Sturgis, Michigan facility.

B. This instant Action was commenced on August 31, 2022 with the filing of an initial class action complaint in the United States District Court for the Northern District of Illinois styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, Robert B. Ford, Robert E. Funck, Jr., Joseph Manning and Christopher J. Calamari*, 1:22-cv-4661 (N.D. Ill.). On March 7, 2023, the Court entered an order: (i) appointing Quoniam Asset Management GmbH and KBC Asset Management NV as Lead Plaintiffs; and (ii) approving Motley Rice LLC and Bernstein Litowitz Berger & Grossmann LLP to serve as Co-Lead Counsel.

C. On April 21, 2023, Lead Plaintiffs filed and served their Amended Class Action Complaint for Violations of the Federal Securities Laws, which is the operative complaint (the "Complaint"). ECF No. 35. The Complaint asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. § 240.10b5 relating to, *inter alia*, the February 2022 voluntary recall and plant shutdown.

D. On June 20, 2023, Defendants filed a Motion to Dismiss the Complaint, which was fully briefed. ECF Nos. 41–45, 47–48, 52–55, 61–63, 65.

E. Beginning in late 2025, the Parties engaged in private mediation and retained nationally recognized mediators Hon. Daniel Weinstein (Ret.) and Jed Melnick of JAMS to act as mediators (the "Mediators") and held multiple mediation sessions before reaching an agreement to resolve the matter.

F. On June 24, 2026, the Parties entered into a binding confidential term sheet setting forth the material terms and obligations of a proposed settlement.

G. On July 24, 2026, the Court entered a Memorandum Opinion and Order granting Defendants' Motion to Dismiss the Amended Complaint. ECF No. 71.

H. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

I. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiffs' direct oversight of the prosecution of this matter and with the advice of their counsel, each of the Lead Plaintiffs has agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiffs and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

J. This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden and expense of further protracted litigation. Each of the Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any of the Defendants with respect to, any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiffs have asserted any valid claims as to any of them, and expressly deny any and all allegations of fault,

liability, wrongdoing or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Lead Plaintiffs of, any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiffs (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

**DEFINITIONS**

1. As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Abbott" or the "Company" means Abbott Laboratories.

(b) "Action" means the putative securities class action in the matter styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, et al.*, Case No. 1:22-cv-4661, in the United States District Court for the Northern District of Illinois.

(c) "Alternate Judgment" means a form of judgment approving the Settlement that differs in form from the proposed Judgment attached hereto as Exhibit B, and that is acceptable to the Parties.

(d) "Authorized Claimant" means a Claimant whose Claim is approved by the Court for payment from the Net Settlement Fund.

(e) "Claim" means a paper claim submitted on a Claim Form or an electronic claim submitted to the Claims Administrator.

(f) "Claim Form" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(g) "Claimant" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h) "Claims Administrator" means the firm retained by Lead Plaintiffs and Co-Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(i) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j) "Co-Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Motley Rice LLC.

(k) "Complaint" means the Amended Class Action Complaint filed by Lead Plaintiffs in the Action on April 21, 2023 (ECF No. 35).

(l) "Court" means the United States District Court for the Northern District of Illinois.

(m) "Defendants" means Abbott and the Individual Defendants.

(n) "Defendants' Counsel" means Kirkland & Ellis LLP.

(o) "Defendants' Releasees" means Defendants and any other persons that could have been named as defendants in the Action, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

(p) "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(q) "Escrow Account" means an interest-bearing account maintained at Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Co-Lead Counsel.

(r) "Escrow Agent" means Huntington National Bank.

(s) "Escrow Agreement" means the agreement between Co-Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(t) "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e.,

thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u) "Immediate Family Members" means, as defined in 17 C.F.R. § 229.404, Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, sisters-in-law, and any persons (other than a tenant or employee) sharing the household.

(v) "Individual Defendants" means Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall.

(w) "Judgment" means the final judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

(x) "Lead Plaintiffs" means Quoniam Asset Management GmbH and KBC Asset Management NV.

(y) "Litigation Expenses" means costs and expenses incurred in connection with investigating, commencing, prosecuting, and settling the Action (which may include the costs

and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class), for which Co-Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(z) "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) all reasonable Notice and Administration Costs; (iii) any other expenses and costs associated with the escrow; (iv) any Litigation Expenses awarded by the Court; (v) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court.

(aa) "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement with Defendants; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be emailed or, only if email is not available, mailed to Settlement Class Members.

(bb) "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notice to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(cc) "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f) and/or Abbott's by-laws.

(dd) "Parties" means Defendants and Lead Plaintiffs, on behalf of themselves and the Settlement Class.

(ee) "Plaintiffs' Counsel" means Co-Lead Counsel and Sturman LLC.

(ff) "Plaintiffs' Releasees" means Lead Plaintiffs and all other Settlement Class Members, and each of their respective past, present, or future parents, subsidiaries, affiliates, and

each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

(gg) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(hh) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(ii) "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(jj) "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. The Released Defendants' Claims do not include claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion that is accepted by the Court.

(kk) "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement

Class: (i) asserted in the Complaint; or (ii) could have asserted in the Action or in any forum that arise out of, are based upon, directly or indirectly, or relate to both (1) the allegations, acts, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and (2) the purchase or acquisition of Abbott common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims that were asserted derivatively on behalf of Abbott in the cases captioned *In Re Abbott Laboratories Infant Formula Shareholder Derivative Litigation*, Case No. 22 CV 5513 (N.D. Ill.), and *Steele v. Randall, et al.*, Case No. 25 CV 3669 (N.D. Ill.).

(ll) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(mm) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(nn) "Settlement" means the settlement between Lead Plaintiffs and Defendants on the terms and conditions set forth in this Stipulation.

(oo) "Settlement Amount" means $88,500,000 (eighty-eight million five hundred thousand dollars) in cash. Under no circumstances will any Defendants' Releasee be responsible for any payment beyond this amount.

(pp) "Settlement Class" means all persons and entities who purchased or otherwise acquired Abbott common stock during the Settlement Class Period and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of Abbott at all relevant times and their Immediate Family Members, and their legal representatives, heirs, successors or assigns; (iii) Immediate Family Members of any Individual

Defendant and their legal representatives, heirs, successors or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

(qq) "Settlement Class Member" means each person or entity who or which is a member of the Settlement Class.

(rr) "Settlement Class Period" means the period from February 19, 2021, through October 19, 2022, inclusive.

(ss) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(tt) "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(uu) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

(vv) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(ww) "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the Released Claims. **With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and by operation of the Judgment or the Alternate Judgment, if applicable, each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:**

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**SETTLEMENT CLASS CERTIFICATION**

2. Solely for purposes of the Settlement and for no other purpose, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiffs as Class Representatives for the Settlement Class; and (c) appointment of Co-Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. If the Settlement is terminated for any reason or is not approved by the Court, the conditional certification of the Settlement Class shall be vacated immediately without further application or motion by any person or entity, the Action shall proceed as if the Settlement Class had never been certified, and the appointments made pursuant to this paragraph shall be of no further force or effect; and in such event no Party shall be deemed to have waived, modified, or been estopped from asserting any position on class certification or any other issue in the Action.

**PRELIMINARY APPROVAL OF SETTLEMENT**

3. Within ten (10) business days of execution of the Stipulation, Lead Plaintiffs will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a Settlement Hearing, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiffs shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

4. The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; (b) the Releases provided for herein; and (c) all other terms contained herein.

5. Pursuant to the Judgment or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their parents, subsidiaries, and affiliates, and each of its and their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This release shall not apply to any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

6. Pursuant to the Judgment or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and

shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This release shall not apply to any persons or entities who or which exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

7. Notwithstanding ¶¶ 5-6 above, nothing in the Judgment or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment or the Alternate Judgment, if applicable.

**THE SETTLEMENT CONSIDERATION**

8. In consideration of the settlement of the Released Plaintiffs' Claims against Defendants' Releasees:

(a) Abbott shall pay or cause to be paid the Settlement Amount to be deposited into the Escrow Account within thirty (30) calendar days after the later of: (i) the date of entry by the Court of an order granting preliminary approval of the Settlement, and (ii) receipt by Defendants' Counsel of complete payment instructions, including the bank name and ABA routing number, address, account name and account number, contact information for an individual to provide verbal confirmation of wire instructions, and a signed Form W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Escrow Account has been established.

(b) Under no circumstances will Defendants or Defendants' Releasees be required to pay any amount in addition to the Settlement Amount.

**USE OF SETTLEMENT FUND**

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) all reasonable Notice and Administration Costs; (c) any other expenses and costs associated with the escrow; (d) any

Litigation Expenses awarded by the Court; (e) any attorneys' fees awarded by the Court; and (f) any other costs or fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 22-31 below.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account before the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States.

11. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax

returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Co-Lead Counsel shall also be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Co-Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12. All Taxes shall be paid out of the Settlement Fund and shall be timely paid, or caused to be paid, by Co-Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Co-Lead Counsel or their agents with respect to the filings and/or payment of Taxes, as described herein.

13. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount, including, without limitation, Defendants' insurance carriers, shall have any right to the return of the Settlement Fund or any portion thereof for any

reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants (as defined in the Plan of Allocation), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Co-Lead Counsel may pay from the Settlement Fund, without further order from the Court, all reasonable Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for identifying beneficial owners or forwarding the Notice to beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Court approval of Notice and Administration Costs shall be required if, and only if, the cumulative amount of such costs would exceed $600,000. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs paid or incurred shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

15. Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund. Co-Lead Counsel will also apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiffs' costs and expenses directly related to their representation of the

Settlement Class, to be paid solely from (and out of) the Settlement Fund. Co-Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiffs other than what is set forth in this Stipulation.

16. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's joint and several obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. The interest rate applicable to any refund made to the Defendants pursuant to this paragraph shall be the same as the interest rate earned on the Escrow Account. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Co-Lead Counsel may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17. Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action. Defendants' Releasees shall have no

responsibility for or liability whatsoever with respect to the apportionment or distribution of any attorneys' fees or Litigation Expenses awarded by the Court. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

## NOTICE AND SETTLEMENT ADMINISTRATION

18. As part of the Preliminary Approval Order, Co-Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court. None of the Defendants' Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and Defendants' Releasees shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiffs, any other Settlement Class Members, or Co-Lead Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, including Abbott's obligation to provide the transfer agent lists provided in ¶ 19 below.

19. In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to send notice via email or, only if an email address is unavailable, mail the Notice and Claim Form to those members of the Settlement Class as may be identified through reasonable effort. Co-Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days after entry of the Court's

order preliminarily approving the Settlement, and at no cost to the Settlement Class, the Settlement Fund, Co-Lead Counsel, or the Claims Administrator, Abbott will provide to the Claims Administrator, in electronically searchable form such as Excel, the Company's transfer agent lists (consisting of names, mailing addresses, and, if available, email addresses) of Abbott shareholders of record during the Settlement Class Period. The Claims Administrator shall not share the transfer agent lists with Lead Plaintiffs, Plaintiffs' Counsel, or any other person and shall be subject to the confidentiality and destruction obligations set forth in ¶ 60.

20. No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notices required under the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than ten (10) business days after serving the CAFA notice, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, of compliance with the notice requirements of CAFA. The parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment or the Alternate Judgment, if applicable.

21. All persons and entities who or which are entitled to be Settlement Class Members shall have the right to exclude themselves, or opt out, from the Settlement Class. Any person or entity who or which wishes to elect to opt out must submit a request for exclusion to the Claims Administrator by the opt-out deadline that satisfies the requirements set forth in the Notice (Exhibit A-1 hereto, at ¶ 47) and that is accepted by the Court. All persons or entities who or that validly opt-out shall be excluded from any and all rights and obligations under the Settlement, but those who or that do not opt out in the manner and time prescribed in this Stipulation shall be deemed to be members of the Settlement Class regardless of whether such person or entity timely files a

Claim Form. The Claims Administrator shall make a good faith effort to provide to Defendants' Counsel and Co-Lead Counsel copies of all exclusion requests within one (1) business day after receipt, but in no event more than three (3) business days after receipt.

22. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

23. The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Co-Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. No Defendant, nor any of the other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

24. Any Settlement Class Member who or that does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim,

or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

25. Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant, or any other Defendants' Releasee who is excluded from the Settlement Class shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment. Co-Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26. For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who or that fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be

permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Claim shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c) Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d) Claims that do not meet the submission requirements may be rejected. Before rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a

review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

27. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28. Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29. Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

30. No person or entity shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Co-Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiffs and Defendants, and their respective counsel, and Lead Plaintiffs' damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31. All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

32. If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

33. The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a) the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b) the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d) Lead Plaintiffs have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e) the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and the Alternate Judgment has become Final.

34. Upon the Effective Date, any and all remaining interest or right of Defendants or their insurance carriers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35. If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiffs exercise their right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a) the Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b) Lead Plaintiffs and Defendants shall revert to their respective positions in the Action immediately prior to the signing of this Stipulation;

(c) the terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 12, 14, 16, 39, 52, 53, 54, 55, 57, 58, 59, and 60, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or Alternate Judgment, if applicable, or other order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*; and

(d) within thirty (30) calendar days after joint written notification of termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow agent, the Settlement Fund (including accrued interest thereon, any change in value as a result of the investment of the Settlement Fund, and any funds received by Co-Lead Counsel consistent with ¶ 16 above), less any reasonable Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to the entities that paid any portion of the Settlement Amount according to the amount paid by each such entity. In the event that the funds received by Co-Lead Counsel consistent with ¶ 16 above are not timely refunded to the Settlement Fund as specified in ¶ 16, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account as required in ¶ 16.

36. It is further stipulated and agreed that Lead Plaintiffs, provided they unanimously agree amongst themselves, and Defendants, provided they unanimously agree amongst themselves, shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the

date upon which the Judgment or Alternate Judgment, if applicable, is modified or reversed in any material respect by the United States Court of Appeals for the Seventh Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for an award of attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

37. In addition to the grounds set forth in ¶ 36 above, Defendants shall have the option, at their sole discretion, to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiffs (the "Supplemental Agreement"), in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

38. In addition to the grounds set forth in ¶ 36 above, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, but only if (a) Co-Lead Counsel have first notified Defendants' Counsel in writing of Lead Plaintiffs' intent to terminate pursuant to this paragraph, and (b) the entire Settlement Amount is not deposited in the Escrow Account within five (5) business days after

Lead Counsel have provided such written notice. This remedy is not exclusive; Lead Plaintiffs also have the option to enforce the terms of the Settlement, including Defendants' obligations under ¶ 8 above.

**NO ADMISSION OF WRONGDOING**

39. Defendants have denied and continue to deny that they have committed any act or omission giving rise to any liability, violation of law or regulation, or damages, and are entering into the Stipulation, and any other ancillary agreements for settlement to eliminate the burden and expense of further litigation. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be deemed an admission of the validity of any claim or allegation against any Defendant, or the liability or non-liability of any Defendant;

(b) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, or any arbitration proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, or any arbitration proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

40. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41. Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them

render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

42. In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, Lead Plaintiffs and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered pursuant to this Stipulation, in which event the Releases and Judgment or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 35 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 35 above.

43. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiffs and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediators, and reflect the Settlement that was reached voluntarily

after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

44. Lead Plaintiffs, Plaintiffs' Counsel, Defendants, and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by any of the Parties concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest).

46. The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing, among other things, for awards of attorneys' fees and Litigation Expenses to Co-Lead Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49. This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiffs and Defendants concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its

exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

50. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

52. The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Illinois without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court, except as may be necessary to defend against or respond to an action brought against any of the Defendants' Releasees in any other forum, to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense, claim, argument, or counterclaim.

54. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56. Co-Lead Counsel and Defendants' Counsel agree to cooperate in good faith with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission, with confirmation of receipt. Notice shall be provided as follows:

If to Lead Plaintiffs or Co-Lead Counsel:

Bernstein Litowitz Berger & Grossmann LLP
Attn: James Harrod
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Email: jim.harrod@blbglaw.com

-and-

Motley Rice LLC
Attn: Christopher F. Moriarty
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Email: cmoriarty@motleyrice.com

If to Defendants or Defendants' Counsel:

Kirkland & Ellis LLP
Attn: Brenton A. Rogers
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
Email: brogers@kirkland.com

58. Except as otherwise provided herein, each Party shall bear its own costs.

59. Whether or not the Stipulation is approved by the Court and whether or not the Effective Date occurs, the Parties and their counsel shall keep all negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Settlement and the Supplemental Agreement confidential. Other than required notices or disclosures required by law, no press release or public statement in connection with the Settlement may be made without the approval of counsel for all Parties. In making any permitted public comments, the Parties will not make disparaging statements about any of the other Parties. Any Party intending to issue a press release or public statement in connection with the Settlement, even if required by law, shall provide a draft of such statement to counsel for the other Party at least forty-eight (48) hours in advance of making such statement.

60. All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement. Within thirty (30) days of the Effective Date or termination of the Settlement pursuant to ¶ 35, Lead Plaintiffs, Plaintiffs' Counsel, and the Claims Administrator shall return or destroy all materials and information provided by Defendants in this Action, including any materials provided under this Settlement, except for materials integrated within counsel's work product (the confidentiality of which shall be maintained), and shall certify their compliance with this provision. Under no circumstances may materials and information provided by Defendants in this Action, including any materials

provided under this Settlement, be used by Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator for any purpose other than to effect and/or administer this Settlement.

61. No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of August 21, 2026.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

______________________________

Salvatore J. Graziano (admitted *pro hac vice*)
James A. Harrod (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
salvatore@blbglaw.com
jim.harrod@blbglaw.com

-and-

Avi Josefson
875 North Michigan Avenue,
Suite 3100
Chicago, Illinois 60601
Telephone: (312) 373-3880
avi@blbglaw.com

*Co-Lead Counsel for Lead Plaintiffs and the Settlement Class*

**MOTLEY RICE LLC**

______________________________

Lance V. Oliver
Christopher F. Moriarty
Gregg S. Levin
Erin C. Williams
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
loliver@motleyrice.com
cmoriarty@motleyrice.com
glevin@motleyrice.com
ecwilliams@motleyrice.com

*Co-Lead Counsel for Lead Plaintiffs and the Settlement Class*

**KIRKLAND & ELLIS LLP**

______________________

Mark Filip
Brenton A. Rogers
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000
mark.filip@kirkland.com
brogers@kirkland.com

*Counsel for Defendants*

# EXHIBIT A

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No. 1:22-cv-4661<br><br>Hon. Steven C. Seeger |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND <u>PROVIDING FOR NOTICE</u>**

WHEREAS, a consolidated class action is pending in this Court styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, Robert B. Ford, Robert E. Funck, Jr., Joseph Manning and Christopher J. Calamari*, 1:22-cv-4661 (N.D. Ill.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Quoniam Asset Management GmbH and KBC Asset Management NV (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendant Abbott Laboratories ("Abbott" or the "Company") and Defendants Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall ("Defendants," and collectively with Lead Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions

set forth in the Stipulation and Agreement of Settlement dated August 21, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to be provided to Settlement Class Members;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes Only** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Abbott common stock during the Settlement Class Period and were allegedly damaged thereby. Excluded from the Settlement Class are (a) Defendants; (b) the Officers and directors of Abbott at all relevant times and their Immediate Family Members, and their legal representatives, heirs, successors or assigns; (c) Immediate Family Members of any Individual Defendant and their legal representatives, heirs, successors or assigns; (d) any entity in which Defendants have or had a controlling interest; and (e) any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that, solely for purposes of the proposed Settlement of this Action, each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Co-Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on ___________ ___, 2026 at __:__ _.m. in Courtroom 2319 of the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604 for the following

purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement, www.AbbottSecuritiesLitigation.com (the "Settlement Website"). Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the

processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order (which date of entry shall be the "Notice Date"), Abbott shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator) shareholder lists of registered holders of Abbott common stock during the Settlement Class Period as such records were kept in the ordinary course of business, which lists shall not be shared with Lead Plaintiffs, Plaintiffs' Counsel, or any other person;

(b) not later than twenty-eight (28) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be sent via email or, only if an email address is unavailable, then by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Abbott or in the records which Abbott caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the emailing or mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the Settlement Website, which must be approved in form and content by Defendants in advance, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than twenty-eight (28) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily*; and

(e) not later than seven (7) calendar days before the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such emailing or mailing of the Notice Packet and publication of the Summary Notice.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice attached hereto as Exhibits A-1, A-2 and A-3, and (b) finds that the emailing or mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of the Plan of Allocation, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are emailed or mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased Abbott common stock during the Settlement Class Period for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator a direct electronic link to the Notice Packet to forward to all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period and within seven (7) calendar days of receipt of the direct electronic link to the Notice Packet forward it by email to all such beneficial owners; or (c) within seven (7) calendar days of receipt of the Notice, send a list of the names, email addresses, and mailing addresses (if an email address is not available) of all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period to the Claims Administrator in which event the Claims Administrator shall promptly email or, only if an email address is unavailable, mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.05 per unit for each Notice Packet actually mailed plus postage at the rate used by the Claims Administrator; and $0.05 per Notice Packet sent via email. Such properly documented expenses incurred by nominees in compliance

with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed), or submitted online via the Settlement Website, no later than one hundred twenty (120) calendar days after the Notice Date.[1] Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was received by the Claims Administrator at the address designated in the Notice. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker

[1] Electronically submitted information will be considered "postmarked" on the date it is received by the Claims Administrator.

account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. The Claims Administrator shall determine whether each timely submitted claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons or entities who or that timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from

participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

14. **Exclusion from the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than thirty (30) calendar days before the Settlement Hearing, to: Abbott Securities Litigation, c/o Angeion Group, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories, et al.*, Civil Action No. 1:22-cv-4661"; (iii) state the number of shares of Abbott common stock that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and provide documentary proof of each purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative under penalty of perjury.

A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above or is otherwise accepted by the Court.

15. Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including without limitation the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court

may otherwise direct. Any Settlement Class Member who or that does not enter an appearance will be represented by Co-Lead Counsel.

18. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than thirty (30) calendar days before the Settlement Hearing.

**<u>Co-Lead Counsel</u>**

Bernstein Litowitz Berger & Grossmann LLP
James Harrod
1251 Avenue of the Americas, 44th Fl.
New York, NY 10020

Motley Rice LLC
Erin C. Williams
28 Bridgeside Blvd
Mt. Pleasant, SC 29464

**<u>Defendants' Counsel</u>**

Kirkland & Ellis LLP
Brenton A. Rogers
333 West Wolf Point Plaza
Chicago, IL 60654

19. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (b) contain a statement of the Settlement Class Member's objection

or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Abbott common stock that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

20. Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings deadlines, and other obligations of the Parties in the Action, including any filing of a motion for leave to file an amended complaint or appeal related to the Court's July 24, 2026 Order (ECF No. 71), other than proceedings necessary to carry out or enforce the terms and

conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

23. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation. For the avoidance of doubt, Co-Lead Counsel may exercise their prerogatives and fulfil their obligations pursuant to this paragraph through a representative so authorized by Co-Lead Counsel.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the

rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the signing of the Stipulation.

26. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation or any related agreements, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (a) deemed an admission of the validity of any claim or allegation against any Defendant, or the liability of any Defendant; (b) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any

kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (d) construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Use of Information** – Under no circumstances may materials and information provided by Defendants in this Action, including any materials provided under the Settlement, be used by Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator for any purpose other than to effect and/or administer the Settlement.

28. **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days before the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

29. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this __________ day of ___________________, 2026.

_________________________________

Hon. Steven C. Seeger
United States District Judge

# EXHIBIT A-1

**Exhibit A-1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No. 1:22-cv-4661<br><br>Hon. Steven C. Seeger |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH DEFENDANTS; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Northern District of Illinois (the "Court") if, during the period from February 19, 2021, through October 19, 2022, inclusive (the "Settlement Class Period"), you purchased or otherwise acquired the publicly-traded common stock of Abbott Laboratories ("Abbott").[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed lead plaintiffs Quoniam Asset Management GmbH and KBC Asset Management NV (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 18 below), and defendants Abbott, Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall (collectively, "Defendants") have reached a proposed settlement of the Action for $88,500,000 in cash (the "Settlement"). The Settlement, if approved, will resolve all claims in the Action.

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated August 21, 2026 (the "Stipulation"), which is available at www.AbbottSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the proposed Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the proposed Settlement, please DO NOT contact the Court, Defendants, or their counsel. All questions should be directed to Co-Lead Counsel or the Claims Administrator (*see* ¶ 61 below).**

1. **Description of the Action and the Settlement Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging among other things, that Defendants violated the federal securities laws by making false and misleading statements that had the effect of artificially inflating the price of Abbott common stock. A more detailed description of the Action is set forth in ¶¶ 11-17 below. The proposed Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 18 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the other members of the Settlement Class, have agreed to settle the Action in exchange for a payment of $88,500,000 in cash (the "Settlement Amount"). The "Net Settlement Fund" (*i.e.*, the Settlement Amount, plus any and all interest earned thereon (the "Settlement Fund") less (a) any Taxes; (b) all reasonable Notice and Administration Costs; (c) any other expenses and costs associated with the escrow; (d) any Litigation Expenses awarded by the Court; (e) any attorneys' fees awarded by the Court; and (f) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed Plan of Allocation is set forth in Appendix A below.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiffs' damages expert's estimates of the number of shares of Abbott common stock purchased during the Settlement Class Period that may have been affected by the alleged conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery is $0.16 per share (before the deduction of any Court-approved fees, expenses and costs as described herein). **Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Abbott common stock, and the total number of shares for which valid Claim Forms are submitted.

4. **Statement of Potential Outcome of Case and Potential Damages:** The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws, that their alleged conduct caused Abbott stockholders to incur any losses, or that any damages were suffered by Settlement Class Members as a result of Defendants' alleged conduct.

5. **Attorneys' Fees and Expenses:** Co-Lead Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and have advanced the funds to pay expenses incurred to prosecute this Action. Court-appointed Co-Lead Counsel, Motley Rice

LLC and Bernstein Litowitz Berger & Grossmann LLP, will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel[2] in an amount not to exceed 20% of the Settlement Fund. In addition, Co-Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $425,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. If the Court approves Co-Lead Counsel's fee and expense application, the estimated average cost per eligible share of Abbott common stock will be approximately $0.03.

6. **<u>Identification of Attorneys' Representatives</u>:** Lead Plaintiffs and the Settlement Class are represented by James A. Harrod, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Fl., 800-380-8496, settlements@blbglaw.com; and Erin C. Williams, Esq. of Motley Rice LLC, 28 Bridgeside Blvd. Mt. Pleasant, SC 29464, 888-425-2020, ecwilliams@motleyrice.com.

7. **<u>Reasons for the Settlement</u>:** Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the proposed Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and likely appeals that would follow a trial, a process that could be expected to last several years. Defendants deny all allegations of wrongdoing or liability whatsoever and believe them to be false and are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____________, 20____.[3]** | This is the only way to be eligible to receive a payment from the proceeds of the Settlement. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 28 below) that you have against the Defendants' Releasees (defined in ¶ 29 below), so it is in your interest to submit a Claim Form. |

[2] Plaintiffs' Counsel means Co-Lead Counsel, Motley Rice LLC and Bernstein Litowitz Berger & Grossmann LLP, and Sturman LLC.

[3] Electronically submitted information will be considered "postmarked" on the date it is received by the Claims Administrator.

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A VALID WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _________________, 20____.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _________________, 20____.** | If you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the proposed Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON ____________, 20____, AT __:__ __.M. CENTRAL TIME, AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _________________, 20____.** | Filing a written objection and notice of intention to appear by _________________, 20____ allows you to speak in Court, at the discretion of the Court, about the fairness of the Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and reimbursement of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**Please Note: The date and time of the Settlement Hearing, currently scheduled for [________], 2026, at [__:__] [_].m. Central Time, is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check www.AbbottSecuritiesLitigation.com or with Co-Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

**WHAT THIS NOTICE CONTAINS**

Why Did I Get This Notice? Page 5
What Is This Case About? Page 5
How Do I Know If I Am Affected By The Settlement?

| | |
|---|---|
| Who Is Included In The Settlement Class? | Page 7 |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page 7 |
| What Might Happen If There Were No Settlement? | Page 8 |
| How Are Settlement Class Members Affected By The Action And The Settlement? | Page 8 |
| What Will I Need To Do To Participate In the Settlement? | Page 11 |
| How Much Will My Payment From The Settlement Be? | Page 11 |
| What Payment Are The Attorneys For The Settlement Class Seeking? How Will The Lawyers Be Paid? | Page 13 |
| What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself? | Page 13 |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? How Do I Object? May I Speak At The Hearing If I Don't Like The Settlement? | Page 14 |
| What If I Bought Shares On Someone Else's Behalf? | Page 16 |
| Can I See The Court File? Whom Should I Contact If I Have Questions? | Page 17 |
| Proposed Plan of Allocation of Net Settlement Fund | Page 18 |


## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be sent to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired the publicly-traded common stock of Abbott during the Settlement Class Period (from February 19, 2021, through October 19, 2022, inclusive). The Court has directed this Notice be sent because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the Settlement. Additionally, you have the right to understand how this Action may affect your legal rights.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement (the "Settlement Hearing"). *See* ¶¶ 51-59 below for details about the Settlement Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a Plan of Allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. Abbott is a diversified healthcare company headquartered in Illinois. In this securities class action, Lead Plaintiffs allege, among other things, that Defendants made false and misleading statements and omissions of material facts from February 19, 2021, through October 19, 2022, inclusive, concerning, among other things, Abbott's voluntary recall of certain

powdered infant formula products and temporary production shut-down at its Sturgis, Michigan facility in February 2022, which together had the effect of artificially inflating the price of Abbott common stock. The putative class includes all persons and entities who purchased or otherwise acquired the publicly-traded common stock of Abbott during the Settlement Class Period and were allegedly damaged thereby. Lead Plaintiffs allege that several subsequent corrective events and disclosures revealed the truth about Abbott's manufacture and sale of infant formula products and the recall of powdered infant formula from Abbott's Sturgis, Michigan facility and caused the Company's stock price to drop on multiple dates, thereby harming Settlement Class Members. Abbott and Individual Defendants deny all of Plaintiffs' allegations and believe them to be false.

12. This instant Action was commenced on August 31, 2022, with the filing of an initial class action complaint in the United States District Court for the Northern District of Illinois styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, Robert B. Ford, Robert E. Funck, Jr., Joseph Manning and Christopher J. Calamari*, 1:22-cv-4661 (N.D. Ill.), alleging claims arising under Section 10(b) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, and under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). On October 31, 2022, Quoniam Asset Management GmbH and KBC Asset Management NV moved to be appointed as lead plaintiffs pursuant to Section 21D of the Exchange Act, in a provision added by the Private Securities Litigation Reform Act of 1995. On March 7, 2023, the Court entered an order: (i) appointing Quoniam Asset Management GmbH and KBC Asset Management NV as Lead Plaintiffs; and (ii) approving Motley Rice LLC and Bernstein Litowitz Berger & Grossmann LLP to serve as Co-Lead Counsel.

13. On April 21, 2023, Lead Plaintiffs filed and served their Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint asserted claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, and under Section 20(a) of the Exchange Act. In response, Defendants filed a motion to dismiss the Complaint on June 20, 2023, because they did not believe the Complaint had a factual or legal basis.

14. Beginning in late 2025, the Parties engaged in private mediation and retained nationally recognized mediators Hon. Daniel Weinstein (Ret.) and Jed Melnick of JAMS to act as mediators and held multiple mediation sessions, during which Lead Plaintiffs and Defendants engaged in vigorous and detailed negotiations. The Parties subsequently reached an agreement in principle to settle the Action for $88,500,000, to be paid by or on behalf of Defendants, subject to the other terms and conditions.

15. On July 24, 2026, the Court entered a Memorandum Opinion and Order granting Defendants' Motion to Dismiss the Complaint without prejudice to Lead Plaintiffs' ability to seek leave to amend.

16. On August 21, 2026**,** the parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.AbbottSecuritiesLitigation.com,

17. On _____________, 20__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?**
**WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

18. If you are a member of the Settlement Class, you are subject to the terms of the Settlement, unless you timely and validly request to be excluded. The "Settlement Class," as defined in the Stipulation, consists of:

> all persons and entities who purchased or otherwise acquired Abbott common stock during the Settlement Class Period and were allegedly damaged thereby.

Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of Abbott at all relevant times and their Immediate Family Members, and their legal representatives, heirs, successors or assigns; (iii) Immediate Family Members of any Individual Defendant and their legal representatives, heirs, successors or assigns; (iv) any entity in which Defendants have or had a controlling interest; and (v) any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court. *See* "What if I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," at ¶¶ 47-50 below.

If you owned shares of Abbott common stock that you did not purchase or otherwise acquire during the Settlement Class Period (from February 19, 2021, through October 19, 2022, inclusive), then you are not a Settlement Class Member by virtue of ownership of those shares, and those shares are not eligible for recovery in this Settlement.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

**IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED (IF MAILED), OR SUBMITTED ONLINE AT WWW.ABBOTTSECURITIESLITIGATION.COM, NO LATER THAN _____________, 20__.**

**WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?**

19. Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted against the Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through trial and appeals, as well as the very substantial risks they would face in overcoming the Court's ruling granting Defendants' motion to dismiss the Complaint and in establishing liability and damages. Among other things, Defendants have argued, or would argue, that Abbott and its executives made no false or misleading statements relating to Abbott's manufacture of powdered infant formula, the recall, or the temporary shutdown of the Sturgis plant and that Abbott management held a good faith belief that the alleged misstatements were true when made. Lead Plaintiffs disagree, but all of these defenses would have needed to be litigated and the outcome was uncertain.

20. There were also risks related to establishing loss causation and damages. For example, Defendants would assert that changes in Abbott's stock price alleged to have been due to misstatements were actually attributable in whole or in part to other market forces. Defendants would also argue that there were no "corrective disclosures" regarding Abbott's powdered infant formula, the recall, or the temporary shutdown of the Sturgis plant and that none of the alleged drops in Abbott's stock price were attributable to any such "corrective disclosures" about the recall. If any of these arguments were accepted in whole or in part, they could limit or even eliminate any potential recovery. Further, in order to succeed, Lead Plaintiffs would have to prevail at several stages: overcoming the Court's order granting Defendants' motion to dismiss the Complaint, class certification, summary judgment, and trial. Even if Lead Plaintiffs prevailed at trial, Defendants would likely appeal any judgment. Thus, there were significant risks attendant to the continued prosecution of the Action, and there was no guarantee that further litigation would have resulted in a higher recovery, or any recovery at all.

21. In light of these risks, the uncertainty, and the amount of the recovery for the Settlement Class, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $88,500,000 in cash now (less the various deductions described in this Notice), as compared to the risk that the claims in the Action against the Defendants might produce a smaller or even no recovery after further motion practice to amend the Complaint, a renewed motion to dismiss, class certification, summary judgment, trial, and appeals.

22. Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants also deny that the Settlement Class has suffered any losses or damages. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission by the Defendants of any wrongdoing, liability, loss causation, or measure of damages.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

23. If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against the Defendants, neither Lead Plaintiffs nor the other Settlement Class Members would recover anything from these Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less from the Defendants than the amount provided in the Settlement, or nothing at all.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

24. If you are a Settlement Class Member, you are represented by the Court-appointed Lead Plaintiffs and Co-Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of

his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," ¶ 53 below.

25. If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself?," ¶¶ 47-50 below.

26. If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation or Co-Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," ¶¶ 51-59 below.

27. If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by the Stipulation and any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their parents, subsidiaries, and affiliates, and each of its and their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Plaintiffs' Claim (as defined in ¶ 28 below) against the Defendants' Releasees (as defined in ¶ 29 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. *In short, if you are a Settlement Class Member and do not exclude yourself from the Settlement Class, you will be releasing all claims you have related to this Action.*

28. "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in the Action or in any forum that arise out of, are based upon, directly or indirectly, or relate to both (1) the allegations, acts, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and (2) the purchase or acquisition of Abbott common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims that were asserted derivatively on behalf of Abbott in the cases captioned *In Re Abbott Laboratories Infant Formula Shareholder Derivative Litigation*, Case No. 22 CV 5513 (N.D. Ill.), and *Steele v. Randall, et al.*, Case No. 25 CV 3669 (N.D. Ill.).

29. "Defendants' Releasees" means Defendants and any other persons that could have been named as defendants in the Action, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

30. "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. Lead Plaintiffs and Defendants have acknowledged, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the Released Claims. **With respect to any and all Released Claims, the Parties have stipulated and agreed that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and by operation of the Judgment or the Alternate Judgment, if applicable, each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:**

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and Defendants have acknowledged, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

31. The Judgment will also provide that Defendants, on behalf of themselves, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 32 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 33 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

32. "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. The Released Defendants' Claims do not include claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion that is accepted by the Court.

33. "Plaintiffs' Releasees" means Lead Plaintiffs and all other Settlement Class Members, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

## WHAT WILL I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

34. To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked (if mailed), or submitted online at the website maintained by the Claims Administrator for the Settlement, www.AbbottSecuritiesLitigation.com, no later than _______, 20__.** A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.AbbottSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-637-4353, or by emailing the Claims Administrator at info@AbbottSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in Abbott common stock, as they may be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Abbott common stock. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT FROM THE SETTLEMENT BE?

35. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36. Pursuant to the Settlement, Defendants have agreed to pay or cause to be paid $88,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) all reasonable Notice and Administration Costs; (iii) any other expenses and costs associated with the escrow; (iv) any Litigation Expenses awarded by the Court; (v) any attorneys' fees awarded by the Court; and (vi) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who or that submit valid Claim Forms, in accordance with a Plan of Allocation.

37. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a Plan of Allocation, and the time for any petition for rehearing, appeal or review, whether by certiorari or otherwise, has expired.

38. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's Judgment approving the Settlement becomes Final. Defendants' Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund or the Plan of Allocation.

39. Approval of the Settlement is independent from approval of a Plan of Allocation. Any determination with respect to a Plan of Allocation will not affect the Settlement, if approved.

40. Unless the Court otherwise orders, any Settlement Class Member who or which fails to submit a Claim Form postmarked (if mailed), or submitted online, on or before _____________, 20____ shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 28 above) against the Defendants' Releasees (as defined in ¶ 29 above) and will be enjoined and prohibited from filing, prosecuting, or pursuing any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Settlement Class Member submits a Claim Form.

41. Participants in and beneficiaries of a plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in Abbott common stock held through the ERISA Plan in any Claim Form that they may submit in this Action. They should include ONLY those shares that they held outside of the ERISA Plan. Claims based on any ERISA Plan's sales of Abbott common stock during the Settlement Class Period may be made by the ERISA Plan's trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in such an ERISA Plan, such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by the ERISA Plan.

42. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

43. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

44. Only Settlement Class Members will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. Abbott common stock is the only security that is included in the Settlement.

45. The objective of the Plan of Allocation is to distribute the Net Settlement Fund equitably among Authorized Claimants according to their alleged economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover

after a trial, if successful. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purpose of making pro rata allocations of the Net Settlement Fund.

The proposed Plan of Allocation is annexed to this Notice as Appendix A.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

46. Plaintiffs' Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Settlement Class, nor have Plaintiffs' Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 20% of the Settlement Fund. At the same time, Co-Lead Counsel also intend to apply for reimbursement of Litigation Expenses in an amount not to exceed $425,000 which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court will determine the amount of any award of attorneys' fees or reimbursement of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by ___________, 20____. A copy of Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.AbbottSecuritiesLitigation.com once it is filed.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

47. Each Settlement Class Member will be bound by the determinations, orders and judgments in this Action relating to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion from the Settlement Class, addressed to Abbott Securities Litigation, c/o Angeion Group, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102. The exclusion request must be ***received*** no later than __________________, 20__. You will not be able to exclude yourself from the Settlement Class after that date. Each Request for Exclusion must: (a) state the name, address and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (b) state that such person or entity "requests exclusion from the Settlement Class in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories, et al.*, Civil Action No. 1:22-cv-4661;" (c) state the number of shares of publicly-traded Abbott common stock that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period (February 19, 2021, through October 19, 2022, inclusive) as well as the dates and prices of each such purchase/acquisition and sale, and provide appropriate documentary proof of such purchases/acquisitions and sales; and (d) be signed by the person or entity requesting exclusion or an authorized representative under penalty of perjury. A Request for Exclusion shall not be valid and effective unless it

provides all the information and documentation called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

48. If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Defendants' Releasees.

49. If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

50. Defendants have the right to terminate the Settlement if valid requests for exclusion exceed a confidential amount agreed to by Defendants and Lead Plaintiffs.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? HOW DO I OBJECT? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

51. **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. Settlement Class Members can participate in the Settlement without attending the Settlement Hearing. Please Note: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. You should monitor the Court's docket and the website maintained by the Claims Administrator www.AbbottSecuritiesLitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Lead Plaintiffs' Counsel. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or phone, without further written notice to the Settlement Class. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AbbottSecuritiesLitigation.com.**

52. The Settlement Hearing will be held on **___________, 20____ at _:__ _.m.**, before the Honorable Steven C. Seeger at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Courtroom 2319, Chicago, IL 60604. The Court may approve the Settlement, the Plan of Allocation, Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

53. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Northern District of Illinois at the address set forth below on or before **_________________, 20____**. You must also mail the papers to Co-Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are ***received*** on or before **_________________, 20____**.

| **Clerk's Office** | **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| Office of the Clerk<br>United States District Court<br>for the Northern District of Illinois<br>219 South Dearborn Street<br>Chicago, IL 60604 | **Bernstein Litowitz Berger & Grossmann LLP**<br>James A. Harrod<br>1251 Avenue of the Americas<br>New York, NY 10020<br><br>**Motley Rice LLC**<br>Erin C. Williams<br>28 Bridgeside Blvd<br>Mt. Pleasant, SC 29464 | **Kirkland & Ellis LLP**<br>Brenton A. Rogers<br>333 West Wolf Point Plaza<br>Chicago, IL 60654 |

54. Any objection: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of publicly-traded common stock of Abbott the person or entity objecting purchased/acquired and sold during the Settlement Class Period (February 19, 2021, through October 19, 2022, inclusive) as well as the dates and prices of each such purchase/acquisition and sale. The documentation establishing membership in the Settlement Class must consist of copies of trade confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker or financial institution containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.

55. You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

56. If you wish to be heard orally at the Settlement Hearing, you must also file a notice of appearance with the Clerk's Office and serve it on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 53 above so that the notice is ***received*** on or before **__________________, 20__**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

57. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it

on Co-Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 53 above so that the notice is ***received*** on or before **_________________, 20__**.

58. The Settlement Hearing may be adjourned by the Court without further written notice to the Settlement Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Co-Lead Counsel or review the Court's docket.

59. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement, the proposed Plan of Allocation, or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

60. If you purchased Abbott common stock from February 19, 2021, through October 19, 2022, inclusive (the Settlement Class Period), for the beneficial interest of persons or organizations other than yourself, you must either (a) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator a direct electronic link to the Notice Packet to forward all such beneficial owners and within seven (7) calendar days of receipt of the direct electronic link to the Notice Packet forward it by email to all such beneficial owners; or (c) within seven (7) calendar days of receipt of this Notice, provide a list of the names, email addresses, and mailing addresses (if an email address is not available) of all such beneficial owners to info@AbbottSecuritiesLitigation.com.[4] If you choose the third option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.05 per unit for each Notice Packet actually mailed plus postage at the rate used by the Claims Administrator; and $0.05 per Notice Packet sent via email. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Copies of this Notice may also be obtained from the website maintained by the Claims Administrator, www.AbbottSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-833-637-4353, or by emailing the Claims Administrator at info@AbbottSecuritiesLitigation.com.

[4] If the seventh calendar day after receipt of the Notice falls on a Saturday, Sunday, or legal holiday, the time allowed for you to comply with this provision shall be extended until the end of the next business day.

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

61. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.AbbottSecuritiesLitigation.com.

**Requests for the Notice or to be added to the mailing list for future notices in the Action should be made to:**

*Abbott Securities Litigation*
c/o Angeion Group
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

1-833-637-4353
info@AbbottSecuritiesLitigation.com
www.AbbottSecuritiesLitigation.com

**Inquiries, other than requests for the Notice, should be made to Co-Lead Counsel:**

BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
James A. Harrod
1251 Avenue of the Americas
New York, NY 10020

1-800-380-8496
settlements@blbglaw.com
www.blbglaw.com

MOTLEY RICE LLC
Erin C. Williams
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

1-888-425-2020
ecwilliams@motleyrice.com
www.motleyrice.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: __________, 20__

By Order of the Court
United States District Court
Northern District of Illinois

**Appendix A**

**PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

62. As discussed above, the Settlement provides $88,500,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, i.e., members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund but will otherwise be bound by the Settlement.

63. The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiffs. The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan will be posted to www.AbbottSecuritiesLitigation.com. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan.

**CALCULATION OF RECOGNIZED LOSS AMOUNT**

64. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Abbott common stock during the Settlement Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.[5]

65. For each share of Abbott common stock purchased or otherwise acquired during the Settlement Class Period (that is, the period from February 19, 2021 through and including the close of trading on October 19, 2022), and:

A. Sold on or prior to the close of trading on February 17, 2022, the Recognized Loss Amount will be $0.00.

B. Sold from February 18, 2022 through and including the close of trading on October 18, 2022, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase/acquisition price minus the sale price.

C. Sold from October 19, 2022 through and including the close of trading on January 13, 2023, the Recognized Loss Amount will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table

[5] Any transactions in Abbott common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

A below *minus* the amount of artificial inflation per share on the date of sale as stated in Table A below; (ii) the purchase/acquisition price minus the average closing price from October 19, 2022 through the date of sale as stated in Table B below; or (iii) the purchase/acquisition price minus the sale price.

D. Held as of the close of trading on January 13, 2023, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A below, or (ii) the purchase/acquisition price *minus* $105.10.[6]

66. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶ 65 above.

67. **FIFO Matching:** If a Claimant made more than one purchase/acquisition or sale of Abbott common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Sales will be matched first against any holdings at the beginning of the Settlement Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

68. **Purchase/Sale Prices:** For the purposes of calculations in ¶ 65 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

69. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of Abbott common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Abbott common stock during the Settlement Class Period will not be deemed a purchase, acquisition, or sale of Abbott common stock for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Abbott common stock unless (i) the donor or decedent purchased or otherwise acquired or sold such Abbott common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to shares of such shares of Abbott common stock.

70. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Abbott common stock. The date of a "short sale" is deemed to be the date of

---

[6] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Abbott common stock during the "90-day look-back period" from October 19, 2022 through January 13, 2023. The mean (average) closing price for Abbott common stock during this period was $105.10.

sale of the Abbott common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

71. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to Abbott common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

72. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in Abbott common stock during the Settlement Class Period. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total Purchase Amount[7] and (ii) the sum of the Claimant's Total Sales Proceeds[8] and the Claimant's Holding Value.[9] If the Claimant's Total Purchase Amount *minus* the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

73. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Abbott common stock during the Settlement Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Abbott common stock during the Settlement Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

74. **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

75. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant. Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

76. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.

---

[7] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of Abbott common stock purchased or acquired during Settlement Class Period.

[8] The Claims Administrator shall match any sales of Abbott common stock during the Settlement Class Period first against the Claimant's opening position in Abbott common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (not deducting any fees, commissions, and taxes) for sales of the remaining shares of Abbott common stock sold during the Settlement Class Period is the "Total Sales Proceeds."

[9] The Claims Administrator shall ascribe a "Holding Value" of $98.11 to each share of Abbott common stock purchased or acquired during the Settlement Class Period that was still held as of the close of trading on October 19, 2022.

To the extent any monies remain in the Net Settlement Fund six (6) months after the initial distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Co-Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Co-Lead Counsel and approved by the Court.

77. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Claimants. No person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, Lead Plaintiffs' damages experts, Lead Plaintiffs' consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Co-Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

## TABLE A

| Estimated Artificial Inflation in Abbott Common Stock | |
|---|---|
| **Date Range** | **Artificial Inflation Per Share** |
| February 19, 2021 – February 17, 2022 | $7.09 |
| February 18, 2022 – March 22, 2022 | $4.12 |
| March 23, 2022 – October 18, 2022 | $1.44* |
| October 19, 2022 | varies** |
| October 20, 2022 and after | $0.00 |

***** To account for potential liability and loss causation risks, including the disaggregation of confounding information unrelated to the alleged fraud, the impact of the October 19, 2022 disclosure has been reduced to 25% of the potential damages associated with Abbott's share price decline following that disclosure.

****** For shares transacted on October 19, 2022 at a price over $101 per share, the artificial inflation per share is equal to 25% multiplied by: (i) the lesser of the transaction price and $104.98 per share (the closing price on October 18, 2022); less (ii) $101 per share. Shares transacted at $101 per share or less on October 19, 2022, are considered to have inflation of $0.00.

## TABLE B

**90-Day Look-back Table for Abbott Common Stock**
**Closing Price and Average Closing Price**
**October 19, 2022 through January 13, 2023**

| Date | Closing Price | Average Closing Price from October 19, 2022 through Date Shown | Date | Closing Price | Average Closing Price from October 19, 2022 through Date Shown |
|---|---|---|---|---|---|
| 10/19/2022 | $98.11 | $98.11 | 12/1/2022 | $107.93 | $101.29 |
| 10/20/2022 | $95.21 | $96.66 | 12/2/2022 | $108.09 | $101.50 |
| 10/21/2022 | $95.06 | $96.13 | 12/5/2022 | $105.41 | $101.62 |
| 10/24/2022 | $98.29 | $96.67 | 12/6/2022 | $103.86 | $101.69 |
| 10/25/2022 | $97.95 | $96.92 | 12/7/2022 | $104.81 | $101.78 |
| 10/26/2022 | $98.42 | $97.17 | 12/8/2022 | $106.92 | $101.92 |
| 10/27/2022 | $96.93 | $97.14 | 12/9/2022 | $107.51 | $102.07 |
| 10/28/2022 | $99.49 | $97.43 | 12/12/2022 | $109.49 | $102.27 |

| 90-Day Look-back Table for Abbott Common Stock<br>Closing Price and Average Closing Price<br>October 19, 2022 through January 13, 2023 | | | | | | |
|---|---|---|---|---|---|---|
| Date | Closing Price | Average Closing Price from October 19, 2022 through Date Shown | | Date | Closing Price | Average Closing Price from October 19, 2022 through Date Shown |
| 10/31/2022 | $98.94 | $97.60 | | 12/13/2022 | $111.53 | $102.50 |
| 11/1/2022 | $99.31 | $97.77 | | 12/14/2022 | $111.26 | $102.72 |
| 11/2/2022 | $98.04 | $97.80 | | 12/15/2022 | $108.52 | $102.86 |
| 11/3/2022 | $96.45 | $97.68 | | 12/16/2022 | $106.91 | $102.96 |
| 11/4/2022 | $98.07 | $97.71 | | 12/19/2022 | $106.59 | $103.04 |
| 11/7/2022 | $99.50 | $97.84 | | 12/20/2022 | $106.49 | $103.12 |
| 11/8/2022 | $99.64 | $97.96 | | 12/21/2022 | $108.14 | $103.23 |
| 11/9/2022 | $99.46 | $98.05 | | 12/22/2022 | $108.03 | $103.34 |
| 11/10/2022 | $104.23 | $98.42 | | 12/23/2022 | $108.18 | $103.44 |
| 11/11/2022 | $104.09 | $98.73 | | 12/27/2022 | $108.57 | $103.55 |
| 11/14/2022 | $102.01 | $98.91 | | 12/28/2022 | $107.83 | $103.64 |
| 11/15/2022 | $103.14 | $99.12 | | 12/29/2022 | $110.31 | $103.77 |
| 11/16/2022 | $103.61 | $99.33 | | 12/30/2022 | $109.79 | $103.89 |
| 11/17/2022 | $102.56 | $99.48 | | 1/3/2023 | $109.58 | $104.00 |
| 11/18/2022 | $103.87 | $99.67 | | 1/4/2023 | $111.21 | $104.13 |
| 11/21/2022 | $103.88 | $99.84 | | 1/5/2023 | $110.80 | $104.26 |
| 11/22/2022 | $104.87 | $100.05 | | 1/6/2023 | $112.33 | $104.40 |
| 11/23/2022 | $106.02 | $100.28 | | 1/9/2023 | $112.15 | $104.54 |
| 11/25/2022 | $106.96 | $100.52 | | 1/10/2023 | $113.85 | $104.70 |
| 11/28/2022 | $105.39 | $100.70 | | 1/11/2023 | $113.15 | $104.85 |
| 11/29/2022 | $105.00 | $100.84 | | 1/12/2023 | $111.36 | $104.96 |
| 11/30/2022 | $107.58 | $101.07 | | 1/13/2023 | $113.51 | $105.10 |

# EXHIBIT A-2

**Exhibit A-2**

***Abbott Securities Litigation***
**c/o Angeion Group**
**Attn: Claim Forms**
**1650 Arch Street, Suite 2210**
**Philadelphia, PA 19103**

**Toll-Free Number: 1-833-637-4353**
**Email: info@AbbottSecuritiesLitigation.com**
**Website: www.AbbottSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at www.AbbottSecuritiesLitigation.com, with supporting documentation, **postmarked or submitted no later than _____________, 20____**.

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the parties to the Action, or their counsel.**

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH ABOVE.**

**TABLE OF CONTENTS** **PAGE #**


| | |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | **2** |
| **PART II – CLAIMANT IDENTIFICATION** | **6** |
| **PART III – SCHEDULE OF TRANSACTIONS IN ABBOTT COMMON STOCK** | **7** |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | **8** |

## PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement with Defendants; (II) Settlement Fairness Hearing and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. Other defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement dated August 21, 2026 ("Stipulation"), which is available for review at www.AbbottSecuritiesLitigation.com. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all members of the "Settlement Class," which consists of persons and entities who purchased or otherwise acquired the publicly-traded common stock of Abbott Laboratories ("Abbott") during the period from February 19, 2021, through October 19, 2022, inclusive (the "Settlement Class Period"). By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. IF YOU ARE NOT A SETTLEMENT CLASS MEMBER (see the definition of the Settlement Class on page 7 (¶ 18) of the Notice, which sets forth who is included in and who is excluded from the Settlement Class), OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A SETTLEMENT CLASS MEMBER**. THUS, IF YOU ARE EXCLUDED FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the proposed Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other Plan of Allocation as the Court approves.**

4. Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Abbott common stock during the requested time periods. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Abbott common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your claim.**

5. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Abbott common stock set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties, including Abbott, and the Claims Administrator do not independently have information about your investments in Abbott common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY

RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, please do not highlight any portion of the Claim Form or any supporting documents**.

6. All joint beneficial owners must each sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form. If you owned Abbott common stock during the Settlement Class Period and held the shares in your name, you are the beneficial owner as well as the record owner and you must sign this Claim Form to participate in the Settlement. If, however, you owned Abbott common stock during the Settlement Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.

7. **One Claim should be submitted for each separate legal entity or separately managed account**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Abbott common stock made on behalf of a single beneficial owner.

8. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Abbott common stock; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

9. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Abbott common stock you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

10. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

11. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the proposed Plan of Allocation (or such other Plan of Allocation as the Court approves) will be made after any

appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

12. **PLEASE NOTE:** As set forth in the proposed Plan of Allocation, each Authorized Claimant shall receive his, her, or its pro rata share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

13. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Angeion Group, at the address on the first page of this Claim Form, by email at **info@AbbottSecuritiesLitigation.com**, or by toll-free phone at 1-833-637-4353, or you can visit the Settlement website, www.AbbottSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.AbbottSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@AbbottSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 6 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@AbbottSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-833-637-4353.**

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Complete names of all persons and entities must be provided.

Beneficial Owner's First Name

Beneficial Owner's Last Name

Co-Beneficial Owner's First Name

Co-Beneficial Owner's Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit or box number)

City

State

Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)

Telephone Number (work)

Telephone Number (mobile)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.):

Account Number (where securities were traded)[1]:

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please see Paragraph 7 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Claimant Account Type (check appropriate box):

| | | |
|---|---|---|
| ☐ Individual (includes joint owner accounts) | ☐ Pension Plan | ☐ Trust |
| ☐ Corporation | ☐ Estate | ☐ UGMA Custodian |
| ☐ IRA/401K | ☐ Other ____________________________ (please specify) | |

## PART III – SCHEDULE OF TRANSACTIONS IN ABBOTT COMMON STOCK

Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, Paragraph 5, above.

**ABBOTT COMMON STOCK (CUSIP No. 002824100) (Ticker Symbol: ABT)**

| | |
|---|---|
| **1. HOLDINGS AS OF FEBRUARY 19, 2021** – State the total number of shares of Abbott common stock held as of the opening of trading on February 19, 2021. (Must be documented.) If none, write "zero" or "0." ____________________ | Confirm Proof of Position Enclosed ☐ |

**2. PURCHASES/ACQUISITIONS FROM FEBRUARY 19, 2021 THROUGH JANUARY 13, 2023** – Separately list each and every purchase or acquisition (including free receipts) of Abbott common stock from after the opening of trading on February 19, 2021 through and including the close of trading on January 13, 2023 (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| | |
|---|---|
| **3. SALES FROM FEBRUARY 19, 2021 THROUGH JANUARY 13, 2023** – Separately list each and every sale or disposition (including free deliveries) of Abbott common stock from after the opening of trading on February 19, 2021 through and including the close of trading on January 13, 2023 (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| | |
|---|---|
| **4. HOLDINGS AS OF JANUARY 13, 2023 –** State the total number of shares of Abbott common stock held as of the close of trading on January 13, 2023. (Must be documented.) If none, write "zero" or "0." ________________ | Confirm Proof of Position Enclosed ☐ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and each of my (our) parents, subsidiaries, and affiliates, and each of its and their respective past, present, or future parents, subsidiaries, affiliates, and each of my (our) respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Plaintiffs' Claim (including, without limitation, Unknown Claims) against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Stipulation and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that the claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Abbott common stock identified in the Claim Form and have not assigned the claim against the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Abbott common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claims against any of the Defendants' Releasees;

7. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Co-Lead Counsel, the Claims Administrator, or the Court may require;

9. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

10. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

11. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he, she, it or they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he, she, it or they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

______________________________________________________________________________

Signature of claimant Date

______________________________________________________________________________

Print claimant name here

______________________________________________________________________________

Signature of joint claimant, if any Date

______________________________________________________________________________

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

______________________________________________________________________________

Signature of person signing on behalf of claimant Date

______________________________________________________________________________

Print name of person signing on behalf of claimant here

______________________________________________________________________________

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see Paragraph 8 above.)

**REMINDER CHECKLIST:**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-833-637-4353.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@AbbottSecuritiesLitigation.com, or by toll-free phone at 1-833-637-4353 or you may visit www.AbbottSecuritiesLitigation.com. DO NOT call Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, **POSTMARKED, OR SUBMITTED ONLINE TO WWW.ABBOTTSECURITIESLITIGATION.COM, NO LATER THAN _________________, 20____**, AND IF MAILED, ADDRESSED AS FOLLOWS:

*Abbott Securities Litigation*
c/o Angeion Group
Attn: Claim Forms
1650 Arch Street, Suite 2210
Philadelphia, PA 19103

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _________________, 20____ is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# EXHIBIT A-3

**Exhibit A-3**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No. 1:22-cv-4661<br><br>Hon. Steven C. Seeger |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT WITH DEFENDANTS; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: All persons and entities who purchased or otherwise acquired the publicly-traded common stock of Abbott Laboratories ("Abbott") during the period from February 19, 2021, through October 19, 2022, inclusive (the "Settlement Class"):**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Illinois, that the above-captioned litigation (the "Action") has been provisionally certified as a class action for settlement purposes only on behalf of the Settlement Class, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement with Defendants; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Lead Plaintiffs in the Action have reached a proposed settlement of the Action for $88,500,000 in cash (the "Settlement") to be paid on Defendants' behalf, that, if approved, will resolve all claims in the Action.

A hearing will be held on _____________, 20___ at __:__ _.m., before the Honorable Steven C. Seeger at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Courtroom 2319, Chicago, IL 60604, to determine whether: (i) the proposed Settlement should be approved as fair, reasonable

and adequate; (ii) the Action should be dismissed with prejudice against Defendants, and the Releases specified and described in the Stipulation and Agreement of Settlement dated August 21, 2026 (and in the Notice) should be granted; (iii) the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved.

**If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at info@AbbottSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.AbbottSecuritiesLitigation.com.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must either: (1) submit a Claim Form by first class mail, addressed in accordance with the instructions thereon and ***postmarked*** **no later than ______, 20__;** (2) submit a Claim Form online through the Settlement website, www.AbbottSecuritiesLitigation.com, in accordance with the instructions provided on the website's online claim-filing portal **no later than ______, 20__**; or (3) submit all required information electronically in accordance with the Claims Administrator's electronic filing requirements **no later than ______, 20__**. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received*** **no later than _______, 20__** in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation or Co-Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, must be filed with the Court and delivered to Co-Lead Counsel and Defendants' Counsel such that they are ***received*** **no later than ______, 20__** in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, the Defendants or their counsel regarding this notice. All questions about this notice, the proposed Settlement or your eligibility to participate in the Settlement should be directed to Co-Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Co-Lead Counsel: James A. Harrod, Esq. of BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP, 1251 Avenue of the Americas, 44th Fl., New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com; and Erin C. Williams, Esq. of MOTLEY RICE LLC, 28 Bridgeside Blvd. Mt. Pleasant, SC 29464, 1-888-425-2020, ecwilliams@motleyrice.com.

Requests for the Notice and Claim Form should be made to: Abbott Securities Litigation, c/o Angeion Group, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103, 1-833-637-4353,

info@AbbottSecuritiesLitigation.com. Additional information may be made available at the website maintained by the Claims Administrator: www.AbbottSecuritiesLitigation.com.

By Order of the Court

# EXHIBIT B

**Exhibit B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br>ABBOTT LABORATORIES, et al.,<br><br>Defendants. | Case No. 1:22-cv-4661<br><br>Hon. Steven C. Seeger |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND**
**ORDER OF DISMISSAL WITH PREJUDICE**

WHEREAS, a consolidated class action is pending in this Court styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, Robert B. Ford, Robert E. Funck, Jr., Joseph Manning and Christopher J. Calamari*, 1:22-cv-4661 (N.D. Ill.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Quoniam Asset Management GmbH and KBC Asset Management NV (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendant Abbott Laboratories ("Abbott" or the "Company") and Defendants Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall ("Defendants," and collectively with Lead Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 21, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated __________ __, 2026 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on ______________ __, 20____ (the "Settlement Hearing") to consider, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on August 21, 2026; and (b) the Notice and the Summary Notice, both of which were filed with the Court on August 21, 2026.

3. **Class Certification for Settlement Purposes Only** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action. Therefore, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Abbott common stock during the Settlement Class Period and were allegedly damaged thereby. Excluded from the Settlement Class are (i) Defendants; (ii) the Officers and directors of Abbott at all relevant times and their Immediate Family Members, and their legal representatives, heirs, successors or assigns; (iii) Immediate Family Members of any Individual Defendant and their legal representatives, heirs, successors or assigns; and (iv) any entity in which Defendants have or had a controlling interest. [Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4. **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiffs as Class Representatives for the Settlement Class and appointing Co-Lead Counsel as Class Counsel for the Settlement Class. Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, as amended, and all other applicable law and rules.

6. **<u>Final Settlement Approval and Dismissal of Claims with Prejudice</u>** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Plaintiffs' Claims as against Defendants' Releasees; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. This Court further finds that the Settlement set forth in the Stipulation is the result of good faith, arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiffs, Settlement Class Members, and Defendants, respectively, and that the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions. Accordingly, the Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. Except as to any claims of those persons identified in Exhibit 1 hereto who timely and validly requested exclusion from the Settlement Class before the __________, 20__ deadline, the Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), and each of its and their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors,

employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such. The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request, and are, therefore, not bound by the terms of the Stipulation or this Judgment.

9. **Releases (Definitions)** – For the avoidance of doubt with respect to the releases set forth in paragraph 10 of this Judgment,

(a) "Defendants' Releasees" means Defendants and any other persons that could have been named as defendants in the Action, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

(b) "Plaintiffs' Releasees" means Lead Plaintiffs and all other Settlement Class Members, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns.

(c) "Released Defendants' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution,

prosecution, or settlement of the claims against Defendants. The Released Defendants' Claims do not include claims relating to the enforcement of the Settlement or any claims against any person or entity who or that submits a request for exclusion that is accepted by the Court.

(d) "Released Plaintiffs' Claims" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, suspected or unsuspected, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class: (i) asserted in the Complaint; or (ii) could have asserted in the Action or in any forum that arise out of, are based upon, directly or indirectly, or relate to both (1) the allegations, acts, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and (2) the purchase or acquisition of Abbott common stock during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) any claims of any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court; or (iii) any claims that were asserted derivatively on behalf of Abbott in the cases captioned *In Re Abbott Laboratories Infant Formula Shareholder Derivative Litigation*, Case No. 22 CV 5513 (N.D. Ill.), and *Steele v. Randall, et al.*, Case No. 25 CV 3669 (N.D. Ill.).

(e) "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with

respect to this Settlement. Lead Plaintiffs and Defendants have acknowledged, and each of the other Settlement Class Members shall be deemed to have acknowledged, that they may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the acts or omissions of the Releasees, but it is their intention fully and finally and forever to settle and release any and all claims, matters, disputes and differences, known or unknown, suspected or unsuspected, which now exist, may exist or heretofore have existed with respect to acts or omissions relating to the Released Claims. **Lead Plaintiffs and Defendants have expressly waived, and each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:**

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs and Defendants have acknowledged, and each of the other Settlement Class Members shall be deemed to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(f) The Parties have reported that the foregoing definitions and their inclusion in the Stipulation were specifically considered and bargained for, and the Court finds that they are essential and integral elements of the Settlement.

10. **Releases (Effect)** – This Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their parents, subsidiaries, and affiliates, and each

of its and their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged, to the fullest extent allowed by law, each and every Released Plaintiffs' Claim against the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and each of their respective past, present, or future parents, subsidiaries, affiliates, and each of its and their respective Officers, directors, employees, attorneys, accountants, insurers, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, custodians, agents, representatives, trusts, trustees, beneficiaries and assigns, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

11. **Litigation Bar** – Subject to paragraph 12 below, upon the Effective Date of the Settlement, this Judgment constitutes the final discharge of all obligations of Defendants' Releasees to any individual or entity arising out of or related to any actual or threatened liability

to Plaintiffs' Releasees and bars all future claims and claims over by any individual or entity against Defendants' Releasees for (i) contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory) arising out of or related to the claims or allegations asserted by the Plaintiffs in this Action, or (ii) any other claim of any type, whether arising under state, federal, common or foreign law, for which the injury claimed is that person's or entity's actual or threatened liability to Plaintiffs' Releasees. Further, any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any individual or entity subject to this bar order shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of Defendants for common damages; or (ii) the amount paid by or on behalf of Defendants to the Settlement Class or a Settlement Class Member for common damages.

12. Notwithstanding paragraphs 10 and 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995 in connection with the institution, prosecution, defense and settlement of the Action, and all proceedings herein.

14. **No Admissions** – Neither this Judgment, the Stipulation, including the exhibits thereto, the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be deemed an admission of the validity of any claim or allegation against any Defendant, or the liability or non-liability of any Defendant;

(b) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, or any arbitration proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(c) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, or administrative action or proceeding, or any arbitration proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(d) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however,* that the Parties and the Releasees and

their respective counsel may refer to the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or reimbursement of Litigation Expenses by Co-Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve a plan of allocation for the proceeds of the Settlement Fund; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Settlement.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Settlement Payment** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by causing $88,500,000 in cash to be paid into the Settlement Fund.

18. **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further

order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

19. Except as otherwise provided herein or in the Stipulation, all funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed or returned pursuant to the Stipulation and/or further order of the Court.

20. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur: (a) this Judgment shall be vacated, rendered null and void, and be of no further force and effect; (b) this Judgment shall be without prejudice to the rights of Defendants, Lead Plaintiffs, and the other Settlement Class Members; and (c) the Parties shall revert to their respective positions in the Action immediately prior to the signing of the Stipulation.

21. **Notice to Federal and State Officials** –The Court finds that Defendants complied with their obligations under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, by timely serving upon the appropriate state official of each state in which a Settlement Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with CAFA's requirements.

22. **Entry of Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment as against Defendants.

SO ORDERED this _______________ day of ___________________, 20__.

______________________________________
The Honorable Steven C. Seeger
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**