**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PEMBROKE PINES FIREFIGHTERS & POLICE OFFICERS PENSION FUND, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, *et al.*,<br><br>Defendants. | Case No. 22-cv-4661<br><br>Hon. Steven C. Seeger |

**ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR CLASS NOTICE**

WHEREAS, a consolidated class action is pending in this Court styled *Pembroke Pines Firefighters & Police Officers Pension Fund, Individually and on Behalf of All Others Similarly Situated v. Abbott Laboratories, Robert B. Ford, Robert E. Funck, Jr., Joseph Manning and Christopher J. Calamari*, 1:22-cv-4661 (N.D. Ill.) (the "Action");

WHEREAS, (a) Lead Plaintiffs Quoniam Asset Management GmbH and KBC Asset Management NV (together, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) Defendant Abbott Laboratories ("Abbott" or the "Company") and Defendants Robert B. Ford, Robert E. Funck, Jr., Christopher J. Calamari, and Lori J. Randall ("Defendants," and collectively with Lead Plaintiffs, the "Parties"), previously determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 21, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiffs have moved, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to be provided to Settlement Class Members;

WHEREAS, the Court has read and considered: (a) Lead Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Class Certification for Settlement Purposes Only** – Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired Abbott common stock during the Settlement Class Period and were allegedly damaged thereby. Excluded from the Settlement Class are (a) Defendants; (b) the Officers and directors of Abbott at all relevant times and their Immediate Family Members, and their legal representatives, heirs, successors or assigns; (c) Immediate Family Members of any Individual Defendant and their legal representatives, heirs, successors or assigns; (d) any entity in which Defendants have or had a controlling interest; and (e) any persons or entities who or that exclude themselves by submitting a timely and valid request for exclusion from the Settlement Class that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that, solely for purposes of the proposed Settlement of this Action, each

element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Co-Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Co-Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on March 25, 2027 at 9:30 a.m. in Courtroom 2319 of the Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604 for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the

Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website to be developed for the Settlement, www.AbbottSecuritiesLitigation.com (the "Settlement Website"). Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Angeion Group (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a) within ten (10) business days of the date of entry of this Order (which date of entry shall be the "Notice Date"), Abbott shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel, or the Claims Administrator) shareholder lists of registered holders of Abbott common stock during the Settlement Class Period as such records were kept in the ordinary course of business, which lists shall not be shared with Lead Plaintiffs, Plaintiffs' Counsel, or any other person;

(b) not later than twenty-eight (28) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits A-1 and A-2, respectively (the "Notice Packet"), to be sent via email or, only if an email address is unavailable, then by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by Abbott or in the records which Abbott caused to be provided, or who otherwise may be identified through further reasonable effort;

(c) contemporaneously with the emailing or mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on the Settlement Website, which must be approved in form and content by Defendants in advance, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than twenty-eight (28) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily*; and

(e) not later than seven (7) calendar days before the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

declaration, of such emailing or mailing of the Notice Packet and publication of the Summary Notice.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice attached hereto as Exhibits A-1, A-2 and A-3, and (b) finds that the emailing or mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of the Plan of Allocation, of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are emailed or mailed and published, respectively.

9. **Nominee Procedures** – Brokers and other nominees who purchased Abbott common stock during the Settlement Class Period for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims

Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; (b) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator a direct electronic link to the Notice Packet to forward to all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period and within seven (7) calendar days of receipt of the direct electronic link to the Notice Packet forward it by email to all such beneficial owners; or (c) within seven (7) calendar days of receipt of the Notice, send a list of the names, email addresses, and mailing addresses (if an email address is not available) of all such beneficial owners on whose behalf they purchased or acquired Abbott common stock during the Settlement Class Period to the Claims Administrator in which event the Claims Administrator shall promptly email or, only if an email address is unavailable, mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.05 per mailing record provided to the Claims Administrator; $0.05 per unit for each Notice Packet actually mailed plus postage at the rate used by the Claims Administrator; and $0.05 per Notice Packet sent via email. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement

Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked (if mailed), or submitted online via the Settlement Website, no later than one hundred twenty (120) calendar days after the Notice Date.[1] Each Claim Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Claim Form is received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was received by the Claims Administrator at the address designated in the Notice. Notwithstanding the foregoing, Co-Lead Counsel may, at their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her

[1] Electronically submitted information will be considered "postmarked" on the date it is received by the Claims Administrator.

or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. The Claims Administrator shall determine whether each timely submitted claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons or entities who or that timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, the Claimant may thereafter present the request for review to the Court.

13. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing,

maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

14. **Exclusion from the Settlement Class** – Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than thirty (30) calendar days before the Settlement Hearing, to: Abbott Securities Litigation, c/o Angeion Group, Attn: Exclusions, P.O. Box 58220, Philadelphia, PA 19102, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Pembroke Pines Firefighters & Police Officers Pension Fund v. Abbott Laboratories, et al.*, Civil Action No. 1:22-cv-4661"; (iii) state the number of shares of Abbott common stock that the person or entity requesting exclusion purchased/acquired and sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and provide documentary proof of each purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative under penalty of perjury. A request for exclusion shall not be effective unless it provides all the required information and documentation and is received within the time stated above or is otherwise accepted by the Court.

15. Any person or entity who or that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not

be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

16. Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including without limitation the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

17. **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 18 below, such that it is received no later than thirty (30) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or that does not enter an appearance will be represented by Co-Lead Counsel.

18. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement

of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than thirty (30) calendar days before the Settlement Hearing.

**Co-Lead Counsel**

Bernstein Litowitz Berger & Grossmann LLP
James Harrod
1251 Avenue of the Americas, 44th Fl.
New York, NY 10020

Motley Rice LLC
Erin C. Williams
28 Bridgeside Blvd
Mt. Pleasant, SC 29464

**Defendants' Counsel**

Kirkland & Ellis LLP
Brenton A. Rogers
333 West Wolf Point Plaza
Chicago, IL 60654

19. Any objections, filings, and other submissions by the objecting Settlement Class Member must: (a) state the name, address, and telephone number of the person or entity objecting and be signed by the objector; (b) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and a statement of whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (c) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Abbott common stock that the objecting

Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing.

20. Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

21. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings deadlines, and other obligations of the Parties in the Action, including any filing of a motion for leave to file an amended complaint or appeal related to the Court's July 24, 2026 Order (ECF No. 71), other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

22. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

23. **Settlement Fund** – The contents of the Settlement Fund held by Huntington National Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. **Taxes** – Co-Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation. For the avoidance of doubt, Co-Lead Counsel may exercise their prerogatives and fulfil their obligations pursuant to this paragraph through a representative so authorized by Co-Lead Counsel.

25. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action immediately prior to the signing of the Stipulation.

26. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation or any related agreements, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith) shall be: (a) deemed an admission of the validity of any claim or allegation against any Defendant, or the liability of any Defendant; (b) offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees, or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any civil, criminal, regulatory, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (d) construed against any of

the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

27. **Use of Information** – Under no circumstances may materials and information provided by Defendants in this Action, including any materials provided under the Settlement, be used by Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator for any purpose other than to effect and/or administer the Settlement.

28. **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation and Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than forty-five (45) calendar days before the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days before the Settlement Hearing.

29. **Jurisdiction** – The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Date: November 2, 2026

Steven C. Seeger
United States District Judge